rations. of denial and disclaimer do not work a forfeiture thereof.

The judgment of the court should be affirmed.

MORSE, J., did not hear the argument.

All the other judges concurring,

Judgment affirmed

---

MASON'S EXECUTORS *against* ALSTON and WIFE.

A judgment or decree concludes the parties only as to the points embraced in it.

Where a bill had been filed praying that a will might be declared void on the ground that though duly executed, its provisions were in conflict with the statute, and some of the defendants had admitted in their answer that the will, if duly executed, was nevertheless void; and the bill was dismissed on the ground that the will was not in its terms in conflict with the statute, the question of its execution not being passed upon; it was *Held*, in a subsequent suit, that the defendants who had so answered were not thereby estopped from denying the due execution of the will.

APPEAL from a judgment of the supreme court in the first district. The action was brought by the executors of the will of John Mason, deceased, against one of the daughters of their testator, and her husband. John Mason died September 26, 1839, and his will was admitted to probate, and letters testamentary issued to the plaintiffs in this action, as his sole executors, on the 25th of October following. On the 20th of October, 1840, Mrs. Alston and her husband filed before the surrogate allegations contesting the probate. Proofs being taken under these allegations, the probate was confirmed by the surrogate, whose decision was affirmed on appeal to the circuit judge, in November, 1844. A further appeal was taken to the court of chancery,

and the supreme court, to which the case was transferred under the new constitution, reversed the former decisions, in October, 1849, and awarded an issue to try the question of the due execution of the will. It was the trial of this issue which was sought to be enjoined in the present action; and a perpetual injunction was awarded at the special term, but the general term, on appeal, dismissed the complaint. The grounds on which the injunction was asked for are as follows:

On the 26th of March, 1840, James Mason, a son of the testator, filed his bill in chancery against the present plaintiffs and all persons interested in the estate of John Mason, including Mr. and Mrs. Alston. The bill set forth the due execution of the will, and claimed a distribution of the estate as in case of intestacy, on the ground that the trusts declared therein were repugnant to the statutes, and therefore void. On the 30th of March, 1841, Mr. and Mrs. Alston filed their separate answer to the bill, which contained the following clause: " And these defendants further answering admit that the devise of real and personal estate contained in the said instrument, purporting to be the last will and testament of the said John Mason, if said instrument were duly executed and published as such, is nevertheless, as these defendants are advised and believe, utterly null and void, and of no legal effect."

Upon the hearing of that cause, in May, 1845, there being some infant defendants, the probate of the will was put in evidence; but the will itself was not proved. The assistant vice-chancellor, SANDFORD, decreed that the bill be dismissed, on the ground that the trusts of the will were " not repugnant to the provisions of the Revised Statutes or laws of this state." In 1848 the supreme court at general term, and in 1849 the court of appeals, affirmed the vice-chancellor's decree. (2 *Comst.*, 327.)

It was claimed, in the present action, that the defendants were concluded by this decree from contesting the due

execution of the will; and the complaint prayed that the trial of the issue might be enjoined.

*Daniel Lord* for appellants.

I. The allegation by James Mason in his bill in chancery, that John Mason duly executed the will, was material, traversable and issuable, without which being admitted or proved, the suit could not have proceeded, nor the construction of the trusts asked for, nor the decree made. (*Bowers* v. *Smith*, 10 *Paige*, 199 ; *Alston* v. *Jones*, 3 *Barb. Ch. Rep.*, 400.) The decree made also affirmed the existence of the will, by declaring that the provisions of the will (not of such a will or of a similar will) were not invalid.

II. The allegation in the bill of James Mason, that the will was duly executed, called for an answer from the executors, from Mr. and Mrs Alston, and from all the defendants, either admitting or denying the allegation. On such pleaddings a decree could be rightly made, not only between complainant and defendants, but as between codefendants. (*Chamley* v. *Dunsany*, 2 *Sch. and Lef.*, 709, 718; *Jones* v. *Grant*, 10 *Paige*, 350.) Mr. and Mrs. Alston, in her right, had interests under the will, and were necessary parties to the suit of James Mason. The necesity of making all interested parties was, that one decree should conclude all. (*Fabre* v. *Colden*, 1 *Paige*, 167; *Stratton* v. *Payne*, 3 *Bro. Par. Cas.* 359, as to the omission of Cornelia in that case ; *Story Eq. Plead.*, §§ 76 *a*, 76 *c*.)

III. Any party defendant to the chancery suit of James Mason, by denying the execution of the will, could have had that question of fact disposed of by means of that suit. (1 *Story Eq. Juris.*, § 1446 ; *Sheffield* v. *Buckingham*, 1 *Atk.*, 630 ; *Van Cortland* v. *Beekman*, 6 *Paige*, 496.)

IV. A decree in chancery, and a judgment at law, are conclusive as to the matter put in issue (whether admitted or denied) by the plaintiff, or which required to be admitted

or proved to warrant the decree, and which the parties could have controverted. (*Le Guen* v. *Gouverneur*, 1 *John. Cas.*, 501; *Marsh* v. *Pier*, 4 *Rawle*, 273; 1 *Greenleaf Ev.*, §§ 528, 531; *Embury.* v. *Conner*, 3 *Comst.*, 522, *and cases cited.*) This conclusiveness embraces all the allegations of the plaintiff which must necessarily have been admitted or proved before the decree could be made. (1 *Greenleaf Ev.*, 534; *Kingsland* v. *Spalding*, 3 *Barb. Ch. Rep.*, 342.) It is conclusive not only as to the same property or subject claimed, but as to other property or subjects dependent on the same title or allegation thus passed on. (*Doty* v. *Brown*, 4 *Comst.*, 71, *and cases there cited; Dias* v. *Bonchaud*, 3 *Denio*, 238.) It is reciprocally conclusive on all parties; if it concludes one, it concludes all. "Estoppels are reciprocal, and bind both parties" (*Carver* v. *Jackson*, 4 *Peters*, 87, *per* STORY, J.); and a party having two claims or defences upon the same transaction, if he present one only, is concluded by a judgment from afterwards setting up the other. (*Bendernagle* v. *Cocks*, 19 *Wend.*, 207, *and cases cited.*) The decree, founded on an admission by Mr. and Mrs. Alston, of an allegation material, traversable, essential in her title, and which she might have tried, is conclusive. (*Am. Life In. Co.* v. *Mumford*, 4 *Comst.*, 483; *Gres. Eq. Ev.*, 9, 10; *Phila., &c., Railroad Co.* v. *Howard*, 13 *How. U. S. Rep.*, 337.)

V. The decree is not less effective, because it is a decree in equity, than if it had been in a suit at law. (*Smith* v. *Kernochan*, 7 *Howard's U. S. Rep.*, 216, *and cases there cited; Pearce* v. *Gray*, 2 *Younge and Coll.*, 322; *Hopkins* v. *Lee*, 6 *Wh.*, 109.) It is not less conclusive because it is a decree of dismissal; for it was made on pleadings and proofs. (*Ogsbury* v. *Lafarge*, 2 *Comst.*, 113.) It is not objectionable, as not involving the same question as the feigned issue; for the alleged execution of the will was an indispensable question in the decree as much as on the feigned issue.

VI. The effect of the decree as conclusive, was not defeated by the order of the supreme court awarding the

feigned issue. 1. The appeal pending from the surrogate's decision only tried the correctness of that decision, not the due execution of the will; it admitted of no new pleading to introduce the decree : there was therefore no waiver for not pleading it. (*See* 13 *How. U. S. R.*, 336.) 2. The order of the supreme court affirmed no fact whatever, and therefore concluded no one as to any fact; it merely determined that, on certain evidence which it reviewed, the will. was not proved to be duly executed. 3. The awarding of an issue presented the first opportunity when the decree could be·used or was needed, the previous decisions all having established the will. 4. The decree gave a title to equitable protection, and which is not lost by any *laches* in this case. It has been put in use as soon as it was needed. We could not have any injunction without averring some danger ; which we could not before aver, having the testamentary decrees all with us. ·

*Charles O' Conor* for respondents.

I. A former judgment or decree between the same parties, is conclusive evidence only of the facts which were *in issue* and decided; and not of facts which were assumed or admitted for the purpose of the former suit. 1. The cases in which this doctrine of estoppel is laid down, are all instances of a matter before disputed and tried. (*Gardner* v. *Buckbee*, 3 *Cow.*, 126 ; 4 *Cow.*, 559 ; 10 *Wend.*, 83 ; 1 *Starkie*, 347 ; *Smith* v. *Kernochan*, 7 *Howard's U. S. R.*, 163, 217 ; *Le Guen* v. *Gouverneur*, 1 *Johns. Cases*, 492, *and the notes to Mr. Shepard's edition*.) 2. Allegations and admissions in pleading are made only for the purpose of the suit, and may always be contested in another case. (1.) Allegations in pleading are not even *prima facie* evidence in another action. (*Wright* v. *Doe ex dem. Tatham*, 1 *Ad. & Ellis*, 3 ; *Call* v. *Dunning*, 4 *East*, 53 ; 6 *Hill*, 306 ; 20 *Pick.*, 20 ; *Doe* v. *Sybourn*, 7 *T. R.*, 3 ; 1 *Phillips Ev.* 358, *part* 2, *ch.* ·

4, § 1.)  (2.) To exclude a possible doubt on this point, the *protestation* was formerly used, which was an idle and useless form. (1 *Chitty's Pleadings*, 650; 8 *Wend.*, 133; *Carter* v. *James*, 13 *Mees. & W.*, 138; 2 *Dowling & L. Prac. Cases*, 236; *Magauran* v. *Patterson*, 6 *S. & R.*, 28.)  (3.) Accordingly a judgment by default is never *evidence* of any fact embraced in the judgment. (*Jones* v. *Reynolds*, 7 *Carr. & P.*, 335; 3 *Cow.*, 120, *illustrates this*.)

II. A judgment on demurrer is never a bar to another action; unless the second action present the precise case made by the pleadings in the first; and the test whether a former action and determination form a bar, is, whether the evidence offered in the second action, would have supported the first action. (*Miller* v. *Manice*, 6 *Hill*, 122; *Crandall* v. *Gallup*, 12 *Conn.*, 373; *Lampden* v. *Kedgwin*, 1 *Mod.*, 207; *Stephens* v. *Dunbar*, 1 *Blackf.*, 56; *Cowen and Hill*, note 589, to page 334 of *Phillips' Evidence*, vol. 2, ch. 2, § 2, *p.* 334; 2 *Johns.*, 230; 2 *W. Blackst.*, 830.)

III. Where a judgment is rendered upon an admission, the judgment takes effect, and finally establishes the right of the party to the thing recovered.   But this rests upon a principle entirely different from the incidental use of a judgment *as evidence* of a fact.

IV. The executors might have had the benefit of the principle that a judgment is conclusive in respect to the right thereby established, by filing a bill to establish and carry into execution the trusts of the will in question.   If, in such a suit, they had failed to establish the will, their bill would have been dismissed; if they had succeeded in establishing it, either by proof, admission or default, they would have obtained a decree establishing the trusts and awarding the trust estate to them for the purposes of the trust.   Such decree would have been final. (14 *Wend.*, 273; 2 *Coxe's Ch. Cas.*, 225; *Mitford's Plg.*, 171, *ed. of* 1849; *Waterton* v. *Croft*, 6 *Simons*, 431; *Sheffield* v. *D. of Buckingh.*, 1 *Atk.*, 628; *Tatham* v. *Wright*, 2 *Russ. & Mylne*, 1.)

V. The notion that Mrs. Alston is precluded by the decree in James Mason's suit, is not only against authority, but inconsistent with any reasonable view of the matter. Had she denied the will, the executors admitting it, the plaintiff would not have been obliged to prove it. If, being admitted to a trial, she had disproved the will, the bill would have been dismissed. It *was* dismissed; so the result was the same as if she had disproved it. Had a jury in an issue between her and James Mason, the plaintiff in that suit, found that the will was duly proved without evidence, on illegal evidence, or under an erroneous charge, she could not have obtained a new trial. At the hearing, instead of awarding such new trial the court would have dismissed the bill, on the ground that, even admitting his facts, the plaintiff was entitled to no relief. From this decree she could not have appealed.

WILLARD, J., delivered the opinion of the court.

The object of the bill filed by James Mason against the executors of his father's will and others interested in that eestate, was to have the provisions of that will declared inoperative and void, as contrary to the statute, and the estate distributed in the same manner as if the testator had died intestate. All the parties engaged in that litigation took for granted the valid execution of the will. The sole matter in controversy which was passed upon and decided in the courts was whether the provisions in the will were in conflict with the Revised Statutes. The courts held they were not. (*Mason* v. *Mason's Executors*, 2 *Sandf. Ch. Rep.*, 432; *Mason* v. *Jones*, 13 *Barb.*, 461, *affirmed in this court.*)

The decision of that question did not prevent any of the next of kin, although parties to that suit, from contesting the validity of the will by a direct proceeding before the surrogate, in the manner pointed out by the statute. In that proceeding the only inquiry is whether the instrument in question is the last will and testament of the supposed

testator.  This goes to the *factum*, the legal execution of the will only.  The other action made no issue upon this point, and its admission of the execution of the will is merely argumentative.  It was not put in issue by the cause, nor could it have been made a material issue in that action.  One of the principles in relation to an estoppel is, that it must be certain to every intent, and *not be taken by argument or inference.* (*Co. Litt.*, 352, *b.*)  The bill filed by James Mason was not filed to carry out the provisions of the will.  It was filed in hostility to the disposition of the testator's property therein made.  It did not call upon the defendants to admit or deny the execution of the will, and the answer does not admit it, but speaks of it as an instrument purporting to be the last will and testament of the deceased.

This case does not fall within the doctrine of estoppel, concluding the plaintiffs from asserting the truth ; nor is the doctrine of *Le Guen* v. *Gouverneur and Kemble* (1 *John. Ca.*, 492–502) applicable to it.

I think the judgment of the supreme court should be affirmed.

All the judges concurring,

Judgment affirmed.