# JONES vs. KEYES.

It is a competent and proper practice to set aside a judgment entered by warrant of attorney on a note which is subject to some defense growing out of the note or transaction, or an agreement of the parties in relation to it affecting it with equities, and to allow these matters to be settled and adjusted in the same suit.

Courts have a discretionary control over judgments entered upon warrants of attorney, and should protect the defendant from any mistake, imposition or fraud which may intervene in entering them up; but this power will not be exercised so as to permit a defendant to come in and litigate claims arising out of collateral matters, where the equity does not attach to the note itself or grow out of some agreement in relation to it.

Where J, who was then a post-master, took a judgment note from K who was about to succeed him in office, for the price of certain letter-boxes, drawers and office furniture, it being agreed that each one should receive his proportionate share of the rent of the boxes and drawers during the quarter when K took possession of the office, and that K's share should, as soon as it could be ascertained, be endorsed on the note as a payment; and which amount received by J and due to K was $50, and J entered judgment on the note for the whole amount thereof. *Held*, 1. That the judgment should be set aside and K be permitted to answer, setting up such partial defense, and that the agreement related to the note and the manner in which it was to be paid. 2. That it was competent to show such contemporaneous agreement, as to the manner in which the note was to be paid, by parol evidence.

APPEAL from the Circuit Court for *Dane* County.

*Wakelys & Vilas, for appellant.*

*H. W. & D. K. Tenney, for respondent.*

*By the Court,* COLE, J.    This is an appeal from an order of the circuit court denying a motion to set aside a judgment and for leave to file an answer.    The judgment was entered up on a note and warrant of attorney.    The appellant sought to set the judgment aside, and litigate a matter growing out of the note transaction.    In the answer accompanying the application, it is alleged that the respondent had collected and received fifty dollars justly belonging to the appellant, which should be applied in part payment of the note.    It is not denied that the answer discloses merits, but it is contended that it would be irregular and improper to set aside the judgment, and allow the appellant to come in and make a defense in this manner.    It is claimed that an entry of judgment by warrant of attorney is a "special proceeding," within the meaning of the statute; and that to set such a judgment aside and convert the suit into a "pending action," would be a most unauthorized practice.    We, however, can see no very valid objection to the practice of setting aside a judgment entered upon a note by warrant of attorney, which is subject to some defense growing out of the note or transaction, or of some agreement between the parties in relation to it, affecting it with equities, and adjusting these matters in the same suit.    For, suppose a party, through mistake or by design, enters up a judgment upon a note for more than is due upon it, or fails to deduct payments actually made; is it not competent for the court, without any inconvenience or violation of the rules of practice, to set aside such a judgment, and allow the defendant to appear and show the amount due?    It is said, to permit this to be done, nullifies and defeats the very object of the power, and impairs the value of judgment notes.    But the power to confess judgment which is contained in the warrant of attorney, does not imply a power to take judgment for more than

is due upon the accompanying obligation, and there is no in-
herent difficulty in permitting the defendant to show what
that amount is, in the same suit.   It is a far more ready and
simple way of settling the controversy, than to permit the
judgment to stand for more than is actually due, and to turn
the defendant over to his remedy by an independent action.
Courts have a discretionary control over judgments entered
upon warrants of attorney, and should protect the defendant
from any mistake, imposition or fraud which may intervene
in entering them up, otherwise the practice would be produc-
tive of great hardship and oppression in many cases.   It must
not be understood, that judgments of confession may be set
aside in all cases, to permit a defendant to come in and litigate
claims arising out of collateral matters not affecting the note.
But when the equity attaches to the note itself, or grows out of
some agreement in relation to it, we think then, it is available,
and should be allowed to come in, in that very action or pro-
ceeding.   Otherwise, great injustice would frequently be done
in enforcing judgments entered upon warrants of attorney.
We have, then, to enquire whether the matters disclosed in
the appellant's answer bring the case within the rule above
laid down.

It is stated, in substance, in the answer, that the note upon
which judgment was entered, was given in consideration of a
sale made by the respondent to the appellant, of certain letter
boxes, drawers and other furniture in the post office at Madison,
when the latter was appointed post master and took possession
of said office, on the 27th of April, 1861.   It is further stated,
that at the time of this sale and the execution of the note, it
was understood and agreed between them, that each one should
have and receive his proportionate share of the rent of boxes
and drawers for the quarter beginning April 1, 1861; that the
respondent had collected of divers persons various sums for
the entire quarter, the amount whereof due the appellant, as
soon as it was definitely ascertained, the respondent agreed to

apply in liquidation and payment of the note, and that the amount thus received which should be credited and allowed, was fifty dollars.

It is very clear that this agreement related to the note, and the way it was agreed a certain amount of it should be paid or discharged. But it is insisted that this agreement could not be shown, because its effect was to contradict or vary the terms of the written instrument. This is an erroneous view of the object and effect of such an agreement. The agreement stated in the answer would not tend to show that the sum named in the note was not absolutely to become due and payable, and this feature distinguishes the case from *Cooper et. al vs. Tappan*, 4, Wis., 362; *Gregory vs. Hart*, 7, id., 542, and cases of that class. The effect of the agreement would merely tend to show that at the time the note was given, it was understood that a portion was to be paid in a particular manner, and had been so paid. Suppose, when the note was executed, the respondent had received from the appellant an order upon some third party, which he had agreed to collect and apply upon the note; could not the fact be shown that the order had been collected but not applied, without violating any rule of evidence? It seems to us that it might. And wherein does the agreement set up in the answer differ, in principle from the case supposed? In either case, the party proposes showing how an obligation has been paid or discharged. For these reasons, we think the defense disclosed in the answer, available. The following cases have a strong bearing upon this point: *Burroughs vs. Moss.*, 21 E. C. L., 128; *Gardner vs. Callender*, 12 Pick., 374; *Britton vs. Bishop*, 11 Vermont, 70; *Walbridge vs. Kibber*, 20 id., 543; *Picker vs. Sawyer*, 24 id., 459; *Thompson vs. Clubley*, 1 M. & W., 211; *Adams vs. Wordley*, id., 374; *Susquehanna B. & B. Co. vs. Evans et al.*, 4 Wash. C. C. R., 480; *Hill vs. Ely*, 5 S. & R., 363.

We think the order of the circuit court must be reversed, and the cause remanded for further proceedings.