The Ætna Life Insurance Co. vs. McCormick et al.

# The Ætna Life Insurance Company vs. McCormick and another.

*Vacating judgment at subsequent term—Judgment on short notice—Appeal from order vacating judgment—Sale made during pendency of appeal.*

1. On a motion to vacate a judgment in an equitable action, the same rules should be applied as in the case of other judgments.
2. As to matters upon which the mind of a court did act, or is presumed from the record to have acted, in rendering a judgment, it is precluded from reviewing such judgment at a subsequent term.
3. This rule, however, does not prevent the court, at a subsequent term, from setting aside its own judgment for errors on which, at common law, the same court would reverse it on writ of error *coram nobis*; nor from setting aside a *void* judgment, or a judgment on *cognovit*; nor from correcting clerical errors, or mistakes in matter of form; nor from reinstating a cause dismissed by mistake.
4. In foreclosure, after a demurrer to complaint overruled, plaintiff, upon a notice of *five* instead of *eight* days, obtained an order for judgment on the 3d of May, but the judgment was not formally entered until the 29th of May, and five days before the end of the term. On the 26th of the same month, defendant's counsel admitted service of notice of taxation of costs for the 29th; and the term ended on the 31st of the same month. *Held*, that it was error to set aside the judgment at the next term on the ground that the notice of motion for judgment was short, where there was no claim to a defense on the merits; defendant being chargeable, under the circumstances, with notice of the order for judgment, and of the judgment, and not having excused his delay in moving to set them aside.
5. On appeal from an order vacating a judgment, it is not necessary for the court to fix the amount of the undertaking, but it is fixed by statute.
6. Such an appeal suspends the order, and leaves the judgment in full force; and a sale made under it to the plaintiff during the pendency of the appeal, will not be set aside for that reason, if the order is afterwards reversed.
7. In case of an *absolute* sale under such circumstances, if it appeared that the premises sold for less than their real value, and that there was no competition, this court would affirm an order vacating the sale; but there being in this case a year's redemption, such an order is reversed.

APPEALS from the Circuit Court for *Milwaukee* County. These appeals were taken by the plaintiff, one from an order setting aside a judgment in the action (which was to foreclose a mortgage), and the other from an order setting aside a sale made during the pendency of the first appeal. The facts are stated in the opinion.

*Prentiss & Merrick*, for appellant:

A court cannot, on motion, set aside a judgment rendered at a previous term, except in cases provided for by statute. *Catlin v. Robinson*, 2 Watts, 373 ; *Kilpatrick v. Rose*, 9 Johns., 78 ; 1 Tidd's Pr., 515, 567 ; 2 id., 941–2 ; *Cameron v. McRoberts*, 3 Wheat., 591 ; *Jackson v. Ashton*, 10 Peters, 480 ; *Bank of U. S. v. Moss*, 6 How., 31, and cases there cited ; *Edwards v. Janesville*, 14 Wis., 26 ; *Spafford v. Janesville*, 15 id., 474. The case does not come within the provision of our statute, sec. 38, chap. 125. R. S. The application should not be granted without an affidavit of merits. *Mowry v. Hill*, 11 Wis., 146 ; *Burnham v. Smith*, id., 258 ; *Butler v. Mitchell*, 15 id., 355. 2. The order vacating the judgment was void and might be treated as a nullity. *Rape v. Heaton*, 9 Wis., 328 ; *Pollard v. Wegener*, 13 id., 569 ; *Wanzer v. Howland*, 10 id., 16. The order vacating the sale is equally void, because based upon the validity of the former.

*Jas. G. Jenkins*, for respondent :

The notice of *five* days was a mere nullity. R. S., ch. 132, sec. 27, subd. 2 ; id., sec 21 ; N. Y. Code, secs. 246, 269 ; Cir. Court Rule, No. 30 ; *Cook v. Pomeroy*, 10 How. Pr. R., 103 ; *Tuttle v. Smith*, 14 id., 402 ; Voorhies' Code, Notes to secs. 129, 246 ; *Croden v. Drew*, 3 Duer, 652 ; *Hill v. McReynolds*, 30 Barb., 488 ; *Trumbull v. Peck*, 17 Wis., 265. The plaintiff must pursue strictly the provisions of the statute. Even the court has no authority to prescribe a shorter time. The judgment was therefore irregular. *Wood v. Lambert*, 3 Sandf., 724 ; *Quin v. Tilton*, 2 Duer, 648 ; *Saltus v. Kipp*, 5 Duer, 646 ; *Van Slyke v. Carpenter*, 7 Wis., 173 ; *F. & M. Bank v. Sawyer*, id., 385 ; *Foote v. Carpenter*, id., 397. 2. Under the old practice the court could at any time revise and correct an irregularity in its proceedings. It was only required that the party seeking to avail himself of an irregularity should not be guilty of *laches*, and should not himself have taken any other action in the cause after the discovery of the irregularity. Graham's Pr., ch. 26. The general rule at common law was, that no ju-

dicial proceedings would be vacated for irregularity after the lapse of *twenty* years; and courts have refused to interfere after the lapse of *ten* years. *Soulden v. Cook*, 4 Wend., 217. To limit the common law rule, it was provided by statute that no judgment should be set aside for irregularity unless upon motion made within one year. 2 R. S., N. Y., 359, sec. 2; R. S. Wis., 1849, ch. 102, sec 4. The same rule prevails under the code. N. Y. Code, sec. 174; R. S. Wis., ch. 125, sec. 38; *Park v. Church*, 5 How., 381; *Whitney v. Kenyon*, 7 id., 458; *Van Benthuysen v. Lyle*, 8 id., 312; *Whitehead v. Pecare*, 9 id., 35; *Spencer v. Tooker*, 12 Abb., 353; *P. & B. Paper Works v. Willet*, 14 Abb., 119; *Low v. Graydon*, id., 443; *Cook v. Dickerson*, 1 Duer, 679; *Potter v. Rowland*, 4 Seld., 448. 3. The sale was properly set aside. The order vacating the judgment was good until reversed, and there could be no fair sale under the circumstances then existing. *Baasen v. Eilers*, 11 Wis., 277.

DOWNER, J. This was an action to foreclose a mortgage. After the demurrer to the complaint had been overruled, the plaintiff served a five days' notice of application for judgment, and took the judgment May 3d, 1865, pursuant to the notice. The plaintiff proceeded to execute the judgment by having the sheriff advertise the mortgaged premises for sale on the 22d of July following. On the tenth of July, the defendants obtained an order to show cause on the fifteenth why the judgment should not be set aside for irregularity in the notice, it being a *five* when it should have been an *eight* days notice; and on the fifteenth of July, being at the next term of court after that at which the judgment was rendered, the circuit court set aside the judgment for the irregularity in the notice. The plaintiff appealed from this order, giving an undertaking in the sum of $250, and then proceeded to the sale of the mortgaged premises; and at the sale they were bid in by the plaintiff for $7,360, being the amount of the judgment—prin-

cipal, interest and costs. This sale the defendant, moved to set aside, because there was no judgment in force authorizing or directing the sale, and for other reasons. The circuit court set aside the sale; and from the order vacating it, the plaintiff also appealed.

Did the circuit court err in setting aside the judgment? Section 38, ch. 125, R. S., authorizes the court to relieve a party, within one year after notice thereof, from a judgment, order or other proceeding against him through his mistake, inadvertance, surprise or excusable neglect. It is obvious that the defendants did not bring themselves within this statute; and we must test the correctness of this order by the principles of the common law. And we think the same rules should be applied to the vacation of all judgments, whether rendered in what would have been before the code actions at law or in equity. It is well established by the rules of the common law, that a court has no power to review or reverse its own judgment of a previous term; that is, as to all matters on which the mind of the court did act, or is presumed from the record to have acted, in the rendition of the judgment, it is precluded from again acting at a subsequent term, and changing its opinions or altering its decisions. *Bank U. S. v. Moss*, 6 How., 31, and authorities there cited. See also *Flanders v. Sherman*, 18 Wis., 593. And the reason is, that there would never be an end of litigation, if a court could one term render a judgment, and the next change its opinions either on the law or evidence, and set aside the judgment; for at the next term it might conclude its first judgment was right, and reverse the last, and so on. But this rule does not prevent a court from setting aside, at a subsequent term, its own judgment for those errors for which at common law the same court, on a writ of error *coram nobis*, would reverse it; as where the defendant, being under age, appeared by attorney, or the plaintiff or defendant died before verdict or interlocutory judgment, or where there is error in the process or through default of the clerks; for such errors are not the

errors of the judges, and reversing it is not reversing their own judgment. 2 Tidd's Prac., 1136 et seq. Nor does it prevent the court from setting aside a void judgment at a subsequent term (*Dederich v. Richley*, 19 Wend., 108; *The Man. & Mec. Bank v. Boyd*, 3 Denio, 257; *Ex parte Crenshaw*, 15 Pet. 119); nor a judgment on *cognovit* (*Jones v. Keyes*, 16 Wis., 562); nor from correcting mistakes in matters of form, and setting right clerical errors (6 How., 31; 3 Pet., 431); nor from re-instating a cause dismissed by mistake. 12 Wheat., 10. The principle which underlies all or nearly all the cases cited on the argument, and others which I have examined, where judgments have been set aside at a subsequent term (the rules of the common law being the guide of the courts) for errors and irregularities, appears to be, that the errors are not errors in the judgment itself. The court, in rendering the judgment, never acted on them.

The taking judgment in this case on short notice was a mere irregularity. We cannot presume from the record that the attention of the court was called to the defect in the notice at the time it rendered the judgment. It appears to us, therefore, that it was proper for the court to set aside the judgment for such irregularity, if the defendants used the diligence which is required in making their motion. Did they use such diligence? Or have they, by their delay, waived the irregularity? The rule is laid down in 1 Tidd's Prac. (9th ed.), 513 et seq., as follows: "The application to set aside proceedings for irregularity should be made as early as possible, or, as it is commonly said, in the first instance; and where there has been any irregularity, if the party overlook it, and take steps in the cause, he cannot afterwards revert back to the irregularity and object to it. In the King's Bench, it is a rule to refuse motions to set aside process for irregularity, even though no new step has been taken in the cause, unless the defendant makes his application in a reasonable time. But in the Common Pleas, a defendant may move to set it aside at any time before a new

step is taken in the cause." If, however, "the party who has served the defective process take some step by which he shows he means to proceed upon it, the application must be made immediately." In the Exchequer, the application to set aside proceedings for irregularity ought to be made in the first instance, and when the party cannot satisfactorily account for not applying sooner than he does, the court will not assist him.

The case of *Dand v. Barnes*, 6 Taunt., 5, is cited as warranting the rule laid down by some text writers, to the effect that as long as the party on whom the defective *notice or process* is served takes no other step in the case, he is not precluded from moving to set aside the proceedings. But in *Fletcher v. Wells*, 6 Taunt., 191, the court say that the rule laid down in *Dand v. Barnes* is misconceived. It is, that if there has been irregularity, the party suffering is not bound to set it aside within any specific time; for he may reasonably suppose the opposite party will discover his mistake, and abandon his defective proceeding. But if the party guilty of the irregularity takes one step more, which shows that he does not mean to abandon his process, then it is incumbent on the party complaining to apply instantly to set it aside; for if he takes a step himself or permits the other party to take a step, it is a waiver of the irregularity. See also *Downes v. Witherington*, 2 Taunt., 243. In the Exchequer, it has been held that the application to set aside proceedings for irregularity must be made at the term when the proceedings were had, or the court will not receive the application. 3 Price, 37. In *Nichols v. Nichols*, 10 Wend., 560, a motion was made to set aside a judgment for an irregularity in giving short notice of inquest, after two special terms had elapsed. The court denied the motion, on the ground of *laches* in the defendant, remarking that as it was an attempt to deprive the plaintiff of his judgment on the ground of mere irregularity, the defendant would be held to the strictest rules of proceeding.

We hold that the short notice was sufficient to put the party

receiving it upon inquiry, and charge him with notice of the judgment at the term it was rendered ; and he must, where, as in this case, there is no pretense of any defense on the merits, himself show some good reason why he did not move at that term to vacate the judgment, or at least that he used due diligence to ascertain whether the defective notice had been acted on, and after he ascertained that it had been, that he lost no time in making his motion. The defendant, by delaying to make his motion for more than two months after the judgment was rendered, and until the plaintiff had been to the expense of advertising the premises several weeks for sale, waived the irregularity.

We next come to the order vacating the sale. It is evident that if the order vacating the judgment was in force at the time of the sale, then there was no judgment authorizing the sale, and the sale was void, and rightly set aside. Upon the appeal from the order vacating the judgment, the security required by statute was given. It was not necessary, on an appeal from that order, for the circuit court to fix the amount of the undertaking or make any order staying proceedings, as on appeals from some other orders. There is some conflict of authorities as to the effect of such an appeal—whether it so far suspends, during the pendency of the appeal, the order appealed from, as to revive and leave in full force the vacated judgment or not. On reversal of the order, the judgment is left in full force. If the appeal suspends, during its pendency, the force and effect of the order, we see no reason why it should not have the same effect. In *Yocum v. Moore*, 4 Bibb, 221, the court held that an appeal from a decree dismissing a bill had the effect of suspending an order made at the same term dissolving an injunction, so as to leave the injunction in force. And to the same effect is *Turner v. Scott*, 5 Rand., 332. The contrary was held in *Wood v. Dwight*, 7 Johns. Ch., 295, and in *Hoyt v. Gileston*, 13 Johns., 139.

In New York it is held, that the appeal from a final decree

or judgment perfected according to their statute does stay all further proceedings, *unless the court shall otherwise order.* Other courts hold that the appeal either vacates or suspends and makes inoperative the decree, order or judgment appealed from, during its pendency. *Yeaton v. U. S.,* 5 Cranch, 281 ; *Helm v. Boone,* 6 J. J. Marsh., 351 ; *Bank of Newburn v. Jones,* 2 Dev. Ch., 284; *Paine v. Cowdin,* 17 Pick., 142 ; 20 Pick., 510; *Wade v. Am. Colonization Society,* 4 S. & M., 671. See also *Smith v. Hudson,* 9 Wis., 122. We are of opinion that the appeal suspended the order appealed from, and made it entirely inoperative, and consequently that the judgment remained in force during the pendency of the appeal.

Was there any other reason for setting aside the sale ? It is urged that under the circumstances no one would bid at the sale, and that the property sold at a sacrifice, or for a sum less than its value, and was bid in by the plaintiff. The affidavits filed as the basis of the motion show that there was no competition in bidding, and that the premises were worth more than the plaintiff bid. We should have no hesitation in affirming the order setting aside the sale, if the sale was *absolute.* But the defendants have a year after the sale to redeem the premises. And every practitioner knows that on sales of real estate where there is a redemption by paying the amount of the bid and interest, there is seldom or never any competition, but the plaintiff bids in the property for the amount of his debt, or for what he deems it worth.

*By the Court.*—Both orders are reversed.

DOWNER, J. On motion for a rehearing, the attorney for the respondents insists that we erred in holding that the short notice was sufficient to put the party receiving it on inquiry. This is the rule laid down in *McEvers v. Markler,* 1 Johns. Cas., 248, and repeated in *Hinde v. Tubbs,* 10 Johns., 486, and subsequent cases. In the affidavit of Mr. Jenkins, and in the order of the court to show cause, and in that vacating the judgment, the judg-

ment of foreclosure and sale was stated or referred to, as rendered May 3, 1865 ; and that was assumed by the attorneys of the respective parties on the argument as the date of the judgment, and nothing appeared to the contrary in the printed case.    It is now urged that the judgment was in fact rendered on the 29th of May.   We have examined the record, and find that on the 3d of May, on motion of the plaintiff's attorney, an order was entered "that judgment for the plaintiff for the relief prayed for in the complaint be and hereby is entered."    Judgment in form was not in fact entered till the 29th of May.  On the 26th of May, on the back of the bill of costs in the case, the defendant's attorney endorsed his admission of notice for the taxation of the costs for the 29th.    We suppose this is before us on this appeal, as the motion to vacate the judgment was made " on the pleadings, proceedings, judgment and record" of the case.    It is obvious that the order for judgment made on the third of May, so far as concerns requiring diligence on the part of the defendants, has the same effect as though judgment in form had been entered on that day.   The term continued at least twenty days after that date, and, the defendant's attorney says, ended the 31st of May, being five days after he received notice of the taxation of costs.    We might well hold that if the respondents did not make their motion to set aside the order for judgment at that term, they waived the irregularity.    For, by all the authorities, where a defendant, without showing a defense on the merits, seeks to avail himself of technical irregularities, he is held to the strictest rules of proceeding.   Such defenses are discouraged, being regarded as merely for delay.    But when merits are disclosed, the rule is relaxed.    In New York the rule is, that a motion to set aside a judgment for irregularity must, unless good excuse for longer delay is shown, be made at the *first special* term after the judgment.    Under their practice, if we rightly understand it, the first special term is the earliest time such motions can ordinarily be made and heard. This is under their system really the same  strict rule adopted

by the English courts, and which we adopted in our first opin-
ion.    We adhere to that opinion, on the ground that the ad-
ministration of justice should not be unnecessarily delayed by
mere technical objections that do not go to the merits; and that
he who would avail himself of them must be diligent and vig-
ilant.

*By the Court.*—The motion for a rehearing is denied.

