Eaton vs. Youngs.

### EATON vs. YOUNGS.

JUDGMENT. (1) *Power of court over its own judgment after the term.* (2) *Rule applied.*
PRACTICE. (3) *Error in denying motion to set aside order vacating judgment.* (4) *Excusable neglect in failing to appeal · from the order.* (5) *Merits of the judgment not considered on this appeal.*

1. The law is well settled in this state, that, as a rule, the circuit courts

have no power to review their own judgments *after the term* at which they were rendered, except in cases within sec. 38, ch. 125, R. S.

2. In a foreclosure action, after sale, judgment for a deficiency was rendered in favor of E. against Y. Nearly seven years after, on Y.'s motion, the court vacated the judgment. *Held*, that the order was irregular, and would have been reversed on appeal.

3. After the time for appealing from such vacating order had expired, no appeal having been taken, E. moved to set the order aside. It appearing that E. provided with sufficient diligence for resisting the motion to vacate the judgment, on the day for which that motion was noticed; that the motion was subsequently granted in his absence; and that his omission to appeal in time was an act of inadvertence or of excusable neglect: *Held*, that the court erred in denying his motion.

4. This court treats E.'s failure to appeal as excusable neglect (within the meaning of the statute) the more readily because he might well consider the motion to vacate his judgment as one which could not prevail, being clearly beyond the discretion of the court.

5. On this appeal the correctness of the original judgment cannot be inquired into — it being one which the court had *jurisdiction* to render.

APPEAL from the Circuit Court for *Fond du Lac* County.

On January 9, 1865, this action was commenced for the foreclosure of a mortgage, on the grounds that the defendant had made default in the payment of interest on the note secured by the mortgage, and that he had allowed the land to be sold for taxes. The note was given for $400 with interest at seven per cent., dated March 20, 1863, and payable three years from date. Nothing had been paid before suit, except $50, paid August 31, 1863.

Before judgment, which was taken by default, the referee reported, among other things, that the land mortgaged had been sold for taxes for several years; that at the date of his report, February 15, 1866, there was due on said note $58.93 of interest; and that $423.18 would become due on the 20th of March following. Judgment of foreclosure was rendered on the same day; and a sale of the premises was therein directed to be made to raise the sum of $487.18, besides costs and interest, and the usual provision was made in the judgment for payment by

Eaton vs. Youngs.

the mortgagor of any deficiency. On October 15, 1866, the court made an order, which, after reciting that it appeared from the sheriff's report of sale that there was a deficiency in the proceeds of said sale, after paying the costs, to the amount of $316.05, and that the defendant was liable to pay such deficiency, adjudged that the plaintiff recover of the defendant said sum, and that execution issue therefor.

On May 23, 1873, the court made an order, setting aside and vacating said judgment for deficiency, with costs of the motion; written notice of which order was given to plaintiff July 3, 1873. On the 27th of September following, plaintiff moved, on notice and an affidavit, and the papers in the case, to vacate the order last named. The affidavit stated, in substance, that the plaintiff had conducted said action in person, and that he had not received any notice for the hearing of said motion and order to show cause on the 23d of May, but that he did receive from the defendant's attorney a notice that a motion would be made to set aside a judgment on the 13th of May, and started from home with the intent to be present on the 13th, but was detained at Chilton, and sent his brief by mail to the judge of said court, with the request that if any argument was required to convince him that said motion should be denied, he would hand the papers to Mr. Blair or Mr. Priest; that defendant's attorney did not appear on the 13th, but in the absence of the plaintiff on May 23d, he furnished to said court what purported to be a copy of the demand for judgment in the complaint, but was only a part thereof, and procured said order to be signed by the court.

This motion to set aside the order made on the 23d of May, was dismissed, with costs, April 16, 1874. From this order of dismissal the plaintiff appealed.

*R. P. Eaton*, appellant, in person:

The judgment for deficiency should not have been set aside. 1. It had been entered more than six years, and no reason given for the delay. 6 Wis., 104; 14 id., 200; 17 id., 52; 15 id.,

474. 2. It was merely carrying into effect the judgment of foreclosure; and, being regular, it could not be set aside under defendant's motion, but he should have moved to set aside both judgments.  3. Defendant has not shown any merits, and in such case his application will not be treated with favor.  20 Wis., 205.  It is not enough to point out technical errors.  17 Wis., 645.  The court had jurisdiction of the subject of foreclosure, and also of the person of the defendant; hence the judgment was binding, and, after one year, errors or irregularities in it could be corrected only by a superior court on *error* or *appeal*, except in cases where a writ of error *coram nobis* would lie.  6 Wis., 164; 14 id., 200; 15 id., 474; 17 id., 52; 20 id., 265; Freeman on Judg., § 96.

*Geo. W. Foster*, for respondent:

1. The appeal should be dismissed, for the reason that it is an attempt to evade the law limiting an appeal from an order to thirty days.  2. The order of May 23d was right.  The relief asked by the complaint was, that the plaintiff should be paid the amount due on the note, and that the deficiency should be paid.  This demand must have reference to the amount due when the action was brought, which could not have been over sixty dollars.  As no greater relief can be granted than the complaint demands, when there is no answer (R. S., ch. 132, sec. 39), so a judgment giving in such case more than is asked for, is irregular, and should be set aside.  2 Till. & Shear. Pr., 685–6; 12 Abbott, 311, 331; 3 Wait's Pr., 563, sec. 6.

RYAN, C. J.  We cannot, on this appeal, inquire into the correctness of the judgment below.  It is obvious that the court below had jurisdiction of the cause, and therefore to render the judgment.  The judgment may be erroneous, but it is not void.  This seems very plain.  And it could be reviewed here only by an appeal directly from it.

The action was brought to foreclose a mortgage; and, after sale, judgment went against the respondent for deficiency.

Nearly seven years after, on his motion, the court below vacated the judgment.

The law is too well settled in this state for discussion here, that, as a rule, the circuit courts have not power to review their own judgments after the term at which they are rendered, except in cases within sec. 38, ch. 125, R. S. In view of such general want of power, that section vests a discretion in courts to grant relief against their own judgments and orders on grounds of mistake, inadvertence, surprise, or excusable neglect, within a year after notice of the judgments or orders. And, with some exceptions not material here, this is the sole authority of circuit courts to review their own judgments, after the term of recovery. *Insurance Co. v. McCormick*, 20 Wis., 265; *Landon v. Burke*, 33 id., 452; *Scheer v. Keown*, 34 id., 349. The opinion in the last case reviews the cases on the point, and fully states the rule and its exceptions.

And there can be no doubt that the court below exceeded its authority in vacating the judgment in this case, or that the order vacating it should have been reversed on appeal.

But no appeal was taken from the order. The appellant, after the expiration of his time for appealing from it, moved to set it aside. The court below denied his motion; and from the order denying it he prosecutes this appeal. And the remaining question is, whether he brings himself within the provisions of sec. 38, ch. 125, *supra.* We think he does. He seems to have provided with sufficient diligence for resisting the motion to vacate his judgment, on the day for which the motion was noticed. It happened that the motion was not taken up till several days later, when it was granted in his absence; and he thereupon neglected to attend to the matter or to prosecute an appeal. We think that this may well be considered inadvertence, or at worst excusable neglect, under the statute; the more readily, as the appellant might well consider the respondent's motion as one which could not prevail, because clearly beyond the discretion of the court below.

The motion was made within the statutory limit of time, and we hold, for the reasons assigned, that it was the duty of the court below to have granted it.

*By the Court.*—The order appealed from is reversed, and the cause remanded with direction to the court below to vacate the order of May 23, 1873, vacating the judgment for deficiency.