## DANIEL McCARTHY *v.* THE STATE.

**1.** CRIMINAL LAW. *Entry of verdict. Correction of record.*

Upon an indictment for an assault and battery with intent to kill and murder, the jury returned this verdict, indorsed upon an instruction in the case: "We, the jury, find the prisoner guilty as charged in the indictment, and recommend him to the mercy of the court." The clerk entered the verdict upon his minutes thus: "We, the jury, find the prisoner guilty of assault and battery, and recommend him to the mercy of the court." The judge sentenced the defendant to imprisonment in the penitentiary for five years. At a subsequent term, the district attorney made a motion to correct the minutes by entering the verdict as returned by the jury *nunc pro tunc*. In support of the motion, the instruction, with the original verdict indorsed upon it, was offered in evidence, and also the oral testimony of the clerk, to the effect that the entry of the verdict was erroneous, and that the true verdict, as received by him and read aloud before the jury, was in the words indorsed upon the instruction.

This evidence was admitted over the objection of the defendant. *Held,* that it was improper to admit such evidence, as no correction of a record can be made after the term of its entry, except where the record itself affords the means of correction, or it is expressly allowed by statute; and that the defendant should have been sentenced for assault and battery only.

2. Same.    *Amendments.    Sect. 627, Code 1871.*
Sect. 627 of the Code of 1871, in relation to the correction of judgments, does not apply to criminal cases.

3. Same.    *Correction of record.    By petition and bond for appeal.*
The minutes of the Circuit Court in a criminal case cannot be corrected at a term subsequent to the entry thereof, by the recitals in the defendant's petition and bond for writ of error, which contradict the minutes as to the verdict rendered by the jury.

4. Same.    *Defect in transcript.    Cured by transposition.*
Where the pages of a transcript in a case brought to this court are so put together that the entry of the indictment appears on the page preceding the recital showing its return into court by the grand jury, this court will not regard an objection on that ground, when it can be obviated by the transposition of a single sheet of paper.

Error to the Circuit Court of Claiborne County.

Hon. J. B. Chrisman, Judge.

The case is stated in the opinion of the court.

*J. D. Vertner,* for the plaintiff in error.

1. The record does not show that the indictment against the plaintiff in error was returned into court as required by sect. 2794 of the Code of 1871.

2. The motion to amend the record of the verdict was improperly granted. The rule, even in civil cases, is that a record cannot be amended after the term when the entry is made, except upon evidence afforded by the record itself. Freem. on Judg., sect. 69 ; 3 How. 165 ; 8 Smed. & M. 97, 318 ; 1 How. 39 ; 3 Smed. & M. 234 ; 1 Smed. & M. 391. The general statutes in relation to amendments do not apply to criminal cases.    13 Smed. & M. 259 ; 6 Geo. 366.

*J. D. Vertner* also argued the case orally.

*T. C. Catchings,* Attorney-General, and *J. McC. Martin,* for the State.

1. The indictment was properly returned into court by the grand jury. ˙ Code 1871, sects. 2794, 2795.

2. The plaintiff in error recognized the true verdict rendered, in his petition and bond for appeal and in his bond for costs. Where, by a clerical error, a mistake is made in an entry of record, it may be corrected at a subsequent term by an order *nunc pro tunc. Cachute* v. *The State,* 50 Miss. 170. And, in making the correction, the court may resort to any evidence which is satisfactory. 1 Bishop's Cr. Proc., sects. 908–910. The amendment was also authorized by statute. Code 1871, sects. 627, 630.

Cʜᴀʟᴍᴇʀs, J., delivered the opinion of the court.

In May, 1877, the plaintiff in error was indicted for an assault and battery with intent to kill and murder.

The jury returned a verdict, written out on one of the instructions given them, in these words: "We, the jury, find the prisoner guilty as charged in the indictment, and recommend him to the mercy of the court."

The clerk, in entering this verdict, entered it thus: "We, the jury, find the prisoner guilty of assault and battery, and recommend him to the mercy of the court." Notwithstanding this entry of the verdict, the prisoner was sentenced, as upon conviction of a felony, to imprisonment for five years in the penitentiary. At a subsequent term of the court, the district attorney made a motion to amend the entry upon the minutes, and for a proper entry *nunc pro tunc* of the verdict as returned by the jury. Upon the hearing of this motion, there was admitted in evidence, against the objection of the prisoner, the written memorandum of the verdict indorsed upon the instruction, and the oral testimony of the clerk, to the effect that it was the true verdict brought in by the jury, and that it had been by him read aloud to them, and by them declared in open court to be their verdict, and that its entry upon the minutes in the form there found was a clerical misprision on his part.

This testimony was improperly admitted. It is the settled doctrine of this court that no correction of the record can

take place after the term, except where the record itself affords the means of correction, or except where expressly allowed by statute.    Sect. 627 of the Code of 1871, providing for the correction of judgments, does not apply to criminal cases, as is manifest from its terms.    8 Smed. & M. 318 ; 8 Smed. & M. 97 ; 3 How. 165 ; 13 Smed. & M. 259.

There was on the record, at the date of the hearing of this motion, a petition for appeal and an appeal-bond filed by the prisoner, in which he recited that he had been convicted of an assault and battery with intent to kill and murder, but it was not permissible for the circuit judge by these recitals to contradict the minutes of the court as to what had transpired upon the trial, and before judgment.

We see no invalidity in the return of the indictment into court.    The supposed irregularity proceeds entirely from a blunder in putting together the pages of the transcript, by which the indictment is made to appear in advance of the recital showing the bringing in of it by the grand jury.    The transposition of a single sheet of paper obviates the supposed irregularity, and it is evident that this should be done.

The judgment is reversed and the cause remanded, with instructions to the court below to sentence the accused as upon a conviction for assault and battery.