Speak, J.
The question presented is whether or not, in a case of felony, the court has power to act upon and allow a motion to correct the record as to substance at a term subsequent to that at which the record is made. That there is such power in civil cases is matter of common knowledge. But it does not rest upon the discretion of the court, as does the power of *13 the court over its own orders and judgments during the term,but is governed by settled principles to Avhich the action of the court must conform, AAdiich are defined by sections 5334 to 5365 of the Revised Statutes.
The power of a court to correct or amend its record in matter of substance after term seems to rest entirely upon statute. It did not exist at the common law, nor is it a power inherent in the court, the general rule being, as quaintly stated by Lord Coke, that “during the terme wherein any judicial act’ is done, the record remaineth in the brest of the judges of the court, and in their remembrance, and therefore the roll is alterable during that terme, as the judges shall direct; but when the terme is past, then the record is in the roll, and admitteth no alteration, averment, or proofe to the contrarie.” Wray v. Lifter, 2 Strang., 1110; Ellison v. Ellison, T. Raym., 39; Coke on Litt., 260 a; Cameron v. McRoberts, 3 Wheat., U. S., 591; Bank v. Moss, 6 How., U. S., 31; Basset v. United States, 9 Wall, U. S., 38; Brush v. Robbins, 3 McLean, 486; Commonwealth v. Mayloy, 57 Pa. St., 291; Bishop Crim. Pro., section 1298. The rule above stated is recognized in early Ohio cases. It is held in Botkin v. Comrs., 1 Ohio, 375, that “a final judgment is not amendable at a subsequent term, except in matter of form.” See, also, McVickar v. Ludlow, 2 Ohio, 246; Critchfield. v. Porter, 3 Ohio, 519, 524; Landon v. Reid, 10 Ohio, 202, 204; Lee v. The State, 32 Ohio St., 113. And obtains in other states. Harpending v. Wylie, 14 Bush.,380; Aetna L. I. Co. v. McCormick, 20 Wis., 265. The rule is specially applied to criminal cases in Commonwealth v. Maytoy, supra; State v. Phelan, 9 Baxter (Tenn.), 241; State v. Alphin, 81 N. C., 566; McCarthy v. The State, 56 Miss., 294.
*14 Criminal procedure in this state is regulated by Title 2, of the penal statutes, sections 7106 to 7367, inclusive. They are codifications of parts of the criminal code adopted in 1866, by an act entitled “An Act to establish a code of criminal procedure.” No power is given the court by any of these sections to correct its record after the term, and it would follow that, inasmuch as the power does not exist at common law, and is not a power inherent in the court, it does not exist at all in Ohio, at least as to substantial changes, unless the sections relating to procedure in civil cases, heretofore-cited, apply to criminal cases.
It is our belief that those sections do not so apply. Their provisions formed part of the original code of civil procedure, and the portions of the old code reproduced in our present Revised Statutes, being Title 1 thereof, are, by their terms, applicable only to civil actions. The act establishing the code is entitled “An Act to establish a code of civil procedure.” The third section (now section 4971) provides that “there shall be hereafter but one form of action, which shall be called a civil action. ’ ’ The subsequent sections are consistent with the purpose expressed in the title and are inconsistent with an intent to apply their provisions to criminal procedure. It is possible that interpolations may have been made here and there, by amendments which imply a purpose to include all actions within the terms of the amendment, but no such purpose is expressed generally, nor has there been any change in the text relating to the vacating or modification of judgments or orders after term from which any such purpose can be inferred. It is possible, also, that methods of procedure during trial, directed in the civil code, have been applied by analogy to criminal *15 trials where no provision had been made in the criminal code, but that practice cannot affect the present question.
In many respects the rigidity of the rules regulating criminal trials has been relaxed by statute, but we think it has not been in this regard. The order requiring the record to be corrected so as to show that the motion in arrest was overruled instead of sustained, as appears of record, was in matter of substance. It affected a substantial right of the defendant, and was greatly prejudicial to him, inasmuch as it deprived him of the advantage given by section 7355, Revised Statutes, viz.: to be placed in the same position he was in before the indictment was found. We think the court was without power, at the September term, to make the order.
It follows that the judgments of both courts will be reversed and the cause remanded to the court of common pleas with direction to proceed as provided in the section above cited.

Reversed.