SPAFFORD VS. THE CITY OF JANESVILLE.

The terms of an award were, that the city of Janesville was indebted to P., a contractor for erecting its high school building, in a certain sum, of which the city was authorized to retain $1000, "as an indemnity against loss growing out of any lien which had been filed against the building." This indebtedness having been reduced by payment to $1159.04, an assignee of P. sued the city to recover that balance. The answer of the city showed that a claim for a lien on the building for about that sum, had been filed before the making of the award, and that judgment establishing said lein had been rendered against P. and the city, and that although the judgment had been set aside on motion, so far as it was against the city, and so far as it established a lien on the building, an appeal had been taken to the supreme court from the order setting aside the judgment, which appeal was still pending. *Held*, that the plaintiff was not entitled to judgment for the balance claimed to be due on the award, pending the action to establish the lien, and before that matter was put at rest by a final adjudication.

The circuit court having adjudged the answer of the city in said action to be bad, upon demurrer, and rendered final judgment against it for the amount claimed to be due upon the award, the city, at a subsequent term, upon affidavits &c., showing that the supreme court had reversed the order which set aside the judgment establishing a lien on the school building, moved the circuit court to set aside the judgment which had been rendered against the city upon the award. *Held*, that the motion was properly denied. To sustain it, would make the motion perform the functions of a writ of error.

Except in cases of judgments obtained against a party through his mistake, inad-
vertence, surprise or excusable neglect (where by statute relief may be
granted on motion within one year after notice of the judgment,) a court
cannot, upon motion, vacate a judgment *after* the term at which it was en-
tered, for error in law or fact committed in rendering it, or occurring be-
fore it was pronounced.

APPEAL from the Circuit Court for *Rock* County.
The case is stated in the opinion of the court.
*J. A. Sleeper*, for appellant.
*Knowlton, Prichard & Jackson*, for respondent.

By the Court, DIXON, C. J.    Appeal from an order deny-        June 17.
ing defendant's motion to set aside a judgment.

In March, 1857, Pratt & Brown entered into a written con-
tract with the defendant to erect a building known as the
High School building of the city of Janesville, and com-
menced its construction.   In October, 1858, Brown assigned
his interest in the contract to Pratt, who thenceforth prose-
cuted the work alone.   In 1859, disputes having arisen be-
tween Pratt and the city, it was mutually agreed that the
building and all the materials furnished for its construction
should be surrendered to the latter, the contract cancelled
and all differences submitted to the determination of an ar-
bitrator named.

The arbitrator, in an award published in September, 1859,
found that the city was indebted to Pratt in the sum of
$4,452 ; one thousand dollars of which the city was author-
ized to retain " as an indemnity or security against loss aris-
ing from or growing out of any lien" which had theretofore
been filed against the building.   This indebtedness having
been reduced by payments to about $1150, Pratt, in Decem-
ber, 1859, assigned the award, with the balance due thereon,
to the present plaintiff.   It was for the balance thus due,
that this action was instituted.   It was commenced in May,
1860, and final judgment rendered against the defendant,
upon demurrer to the answer, for $1179.94 debt, besides
costs, on the 7th of July following.

At the time of the arbitration, an action was pending in
favor of one Edwards against Pratt & Brown and the city,

to recover the price of materials furnished by Edwards to Pratt & Brown, and used in the construction of the building, and to have the same declared a lien upon the building and the land on which it was erected. Pratt & Brown answered, and upon trial it was found that they were indebted to Edwards in the sum of $1003.87. The city made default, and in January, 1860, final judgment was given in favor of Edwards for the amount, and the same adjudged to be a lien on the building and premises as demanded in the complaint. In March following, the defendants moved to vacate the judgment, and the motion was so far granted that the judgment was set aside as to the city, and so far as it was declared to constitute a lien, but permitted to stand as a personal judgment against Pratt & Brown. From that order Edwards appealed to this court; and the cause was pending and undetermined here at the time the judgment in this action was rendered. It was decided, and the order reversed, in May, 1861. See *Edwards vs. Janesville*, 14 Wis., 21. These facts, save the judgment of reversal, which had not yet transpired, and which restored the lien in favor of Edwards, were stated by way of defense to this action in the answer which was held insufficient on demurrer.

Afterwards, in June, 1861, this motion was made. It is founded upon affidavits, the papers in this case showing the award, and those in the case of Edwards exhibiting the proceedings had in this and the circuit court. The record is long and diffuse, but the foregoing are believed to be all the facts necessary to a proper understanding of the question of law presented.

The merits are plain enough. They proceed from the fact that if both judgments are to stand, the city is bound to a double payment of upwards of one thousand dollars of the sum awarded to Pratt. The injustice of this is very obvious, but the view we have taken precludes an inquiry into the substantial rights of the parties, further than to ascertain whether the same relief could have been granted upon the answer which was held bad on demurrer. If it could, then it is clear that this is but a proceeding to review the ques-

tions of law involved in the decision of the demurrer, and if found to have been erroneously determined, to correct that judgment.

According to the doctrine intimated in *Edwards vs. Janesville*, this cannot be done. Except in cases of mistake, inadvertence, surprise or excusable neglect, mentioned in the statute, where relief may be granted within one year after notice, we know of no law, statute or common, authorizing the court, upon motion, *after* the term at which it was entered, to vacate a judgment for error in law or fact committed in rendering it, or occurring before it was pronounced. If such a practice were tolerated, no one knows where it would end. Parties would never be secure in their rights, and judgments would be of as little account as the course of the wind. " It is plain," says Judge STORY, in *Albers vs. Whitney*, 1 Story's R., 312, " that, at the common law, no judgment was amendable after the term at which it was entered. And amendments could be made in the process, pleadings and proceedings only while the cause stood *in paper* and before judgment. The authority to amend, then, even in England, in cases of this sort, is dependent upon and limited by statute. Mr. TIDD, in his excellent work on Practice, has laid this down as the clear doctrine of the courts, in all cases of ordinary suits (excluding fines and recoveries) in the English courts of justice. Judgments and records are there never allowed to be amended, except, in the first place, where the case is within the reach of some statute ; or, in the next place, where there is something to amend by, that is, where there is some memorial, paper or other minute of the transactions in the case, from which what actually took place in the prior proceedings can be clearly ascertained and known." 1 Tidd's Prac., 711, *et seq.* " We doubt whether a judge can alter a judgment after the close of the term, where there is nothing to amend by, and he assumes to do it on the ground that the judgment, as entered, does not express the intention of his mind at the time it was entered. This would enable the courts to carry their records about the country in their heads, in rather too concealed a manner." *Boyd vs. Blaisdell*, 15 Ind. R., 75.

It seems very clear to us that the city was entitled to the same relief upon its answer that is now sought by the motion, and that to sustain the motion would be to make it perform the functions of a writ of error to the judgment. By the terms of the award, the $1000 was to be retained as indemnity against any liens which might be established. That defense was as perfect, so far as the plaintiff's then right of recovery was concerned, as it has been at any time since. It appeared from the instrument itself upon which he sued, that he was not entitled to judgment for that sum. A claim of lien had been in good faith asserted, and was then in litigation before the courts, open and undetermined. No one, we think, will, after a moment's reflection, seriously insist that judgment was authorized upon the award, pending such action and before the claim of lien was set at rest by final adjudication. The subsequent reversal of the order in the Edwards case did not, therefore, change the legal attitude of the parties. At most, it only converted a perfect present defense into one which would be permanently good in the future. Hence the reversal cannot be regarded as matter of fact occurring wholly after the judgment in this action, showing that such judgment is unjust and ought not to be executed; and to vacate it upon this motion would be to correct the errors involved in the decision of the demurrer, which can only be done upon writ of error or appeal.

If, as insisted by counsel, the reversal of the Edwards order could be regarded as matter arising after judgment, of which the city could not have availed itself by answer, the question presented would be quite different. In former times this might have constituted sufficient ground for relief by *audita querela*, but of late it seems that the same redress is afforded by motion. "In cases where the defendant has had no opportunity to plead, as where the original debt or demand was satisfied, released or discharged between the verdict and the judgment, the judgment will either be set aside or a perpetual stay of proceedings will be ordered, as the circumstances of the case may require. And where some matter arises after judgment, which should preclude the plaintiff from having execution, a perpetual stay of pro-

<div style="float:right">January Term, 1862.</div>

ceedings, or an acknowledgment of satisfaction, will be ordered. Formerly the remedy in such cases was by *audita*

*querela;* but the courts began about two centuries ago to give a more cheap, expeditious and equally efficient remedy by motion; and the writ of *audita querela* has everywhere fallen into disuse." Per BRONSON, C. J., in *Clark v. Rowling*, 3 Coms., 226. See likewise *Lister v. Mundell*, 1 Bos. & Pul., 427; *Baker v. Judges of Ulster*, 4 Johns., 191; *Davis v. Sturtevant*, 4 Duer, 148, 153, 154; *Wetmore v. Law*, 34 Barb., 515; and *Pennsylvania v. Wheeling Bridge Co.*, 18 How., 421.

Order affirmed.