## WYMAN, Executrix, vs. BUCKSTAFF and others.

*Power of circuit court to correct judgment.*

The circuit court has power to correct a mistake in the entry of its own judgment, so as to conform the record to the judgment actually pronounced.

APPEAL from the Circuit Court for *Winnebago* County.

Action by plaintiff, as executrix, on a note and mortgage belonging to her testator's estate. The principal defendant, *Buckstaff*, alleged that he had made payments

not indorsed on the note nor admitted in the complaint, and had tendered the amount actually due; and he brought that amount into court. The court found the facts as alleged by said defendant; and held "that the mortgage and note should be discharged, and that defendants should recover of the plaintiff their costs herein." Judgment was entered "that the note and mortgage herein be declared canceled and discharged; that the complaint be dismissed on the merits; and that the defendant *Buckstaff* do have and recover of the plaintiff, *Charity S. Wyman*, as executrix of the last will and testament of Seth Wyman, deceased, —— dollars for costs and disbursements herein." Afterward, on motion of the defendant, the court made an order which recited that it was "within the knowledge and recollection of the court that judgment was ordered herein by the court for costs, to be collected from the goods of the estate of the testator of plaintiff, which judgment did not seem to be correctly expressed in the written judgment signed and entered herein." It then directed that said judgment, as entered, "be amended so as to express the true intention of the court, by inserting therein, after the word 'dollars,' the words following, to wit: 'To be levied and collected of the goods and chattels of the said Seth T. Wyman, deceased, testator aforesaid, in the hands of the said plaintiff, to be administered;' and, further, that there be added to the conclusion of law filed herein the words 'to be levied on the goods and chattels of the said testator, Seth T. Wyman,' so that the same may express the true meaning of the judge of the court in said conclusion of law." The judgment was so corrected; and the plaintiff, having excepted to the judge's findings, and to this order of amendment, appealed.

*Gabe Bouck*, for appellant, contended that the court erred in its findings of fact. 2. After entry of judgment, the court had no jurisdiction to change either the finding or the judgment for error in law or fact commit-

ted in rendering it, or occurring before it was pronounced. *Spafford v. City of Janesville*, 15 Wis. 474, and cases there cited ; *Boyd v. Blaisdell*, 15 Wend. 75. 3. The judgment, as entered originally, is erroneous. *Lightfoot v. Cole*, 1 Wis. 26 ; R. S. ch. 133, § 49 ; *Woodward v. Howard*, 13 Wis. 557.

*Moses Hooper*, for respondents, as to the right of the court to order the amendment, cited *Hill v. Hoover*, 5 Wis. 386 ; *McIndoe v. Hazelton*, 19 id. 567 ; *Holmes v. McIndoe*, 20 id. 668 ; *Ice Co. v. Ins. Co.*, 23 N. Y. 357 ; *Pitt v. Davison*, 12 Abb. 385 ; 17 How. 289 ; *Williams v. Wheeler*, 1 Barb. 48 ; *Rew v. Barker*, 2 Cow. 408.

DIXON, C. J. The judgment appealed from must be affirmed.

1. The bill of exceptions does not purport to contain all the evidence ; and therefore we cannot review the finding of facts.

2. The change of the judgment, by amendment, from a judgment against the plaintiff personally to one against her *de bonis testatoris*, was one which it was competent for the court to make. The object was to correct a mistake in the original entry, so as to conform the record to the judgment which was in fact pronounced, and not to change such judgment. Such corrections may always be made, and are not within the principle established by *Spafford v. Janesville*, 15 Wis. 474.

*By the Court.*— Judgment affirmed.