[No. 850.]

### LOUIS SOLOMON ET AL., RESPONDENTS, v. M. FULLER ET AL., APPELLANTS.

NEW TRIAL—WHEN SHOULD NOT BE GRANTED.—A new trial ought not to be granted on a motion to set aside a verdict, merely because the court had erred in finding a fact in some preliminary proceeding in the case.

AMENDMENT OF JUDGMENT AFTER ADJOURNMENT OF TERM.—The court has no power to amend a judgment after the adjournment of the term unless there is something in the record to amend by.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

The facts sufficiently appear in the opinion.

*George S. Sawyer,* for Appellants:

I. The errors appearing in the judgment-roll necessitate a reversal. The court could not proceed after the death of Cardenas without repairing the breach caused by his death.

II. The court erred in amending the judgment after the term had expired at which it was rendered, upon its own motion, and when there was nothing in the record to amend by. (3 Cal. 255; 9 Id. 172; 19 Id. 227; 25 Id. 79; 27 Id. 791; 33 Id. 780.)

III. The amendment changed the parties plaintiff to the action, and ought not to have been allowed. (2 Tillinghast & Shearman Practice, 1076; 1 Van Santvoord's Pleadings, 806; 14 N. Y. 506; 9 Nev. 317; 49 Cal. 306; 4 Nev. 42; 3 Cal. 235.)

*Wells & Stewart,* of counsel for Appellants.

*A. B. Hunt,* and *Bishop & Sabin,* for Respondents:

I. The court had full power to amend the judgment in the manner in which it did. (*Leviston* v. *Swan,* 33 Cal. 480.)

II. The action of the court in substituting D. L. Deal as party plaintiff was right and proper, Deal being the public administrator. (1 Comp. Laws, 1079; *Judson* v. *Love,* 35 Cal. 463; *Shartzer* v. *Love,* 40 Id. 96; *Taylor* v. *W. P. R. R. Co.,* 45 Id. 337.

III. If the order of the court below in directing the judgment to run in the name of L. Solomon, surviving partner, etc., was error, it was one which could not in any manner prejudice the appellant. No reversal will be had for error which does not prejudice. (*Robinson* v. *Imp. S. Mg. Co.,* 5 Nev. 44; *Todman* v. *Purdy,* 5 Id. 238; *Cahill* v. *Hirschman,* 6 Id. 57; *Caples* v. *C. P. R. R. Co.,* 6 Id. 265; *Conley* v. *Chedic,* 7 Id. 336.)

By the Court, BEATTY, C. J.:

There were appeals in this case from the judgment, from an order amending the judgment and from the order de-

nying a new trial.   At a former term motions to dismiss the appeals and to strike out the statement on motion for a new trial were submitted.   We ordered the statement stricken out and the appeal from the judgment to be dismissed, but overruled the motion to dismiss the appeals from the orders. Those appeals have now been argued and submitted.

It appears that after the commencement of the action Cardenas, one of the plaintiffs, died.   The fact having been suggested to the court, an order was made substituting D. L. Deal, public administrator of Lincoln county, as the personal representative of Cardenas.   Thereupon the trial of the case proceeded, and plaintiffs obtained a verdict and judgment.   Defendants moved for a new trial; the motion was overruled, and at the same time the court, of its own motion, ordered the judgment to be so amended as to run in favor of Louis Solomon, surviving partner of Cardenas. These are the orders appealed from.

The order denying a new trial must be affirmed.   After striking out the statement (see former opinion, 13 Nev. 276), there is nothing left to sustain the motion except the affidavits in relation to newly-discovered evidence, and they, unaided by the statement, fail to show that the evidence so discovered is material to any of the issues raised by the pleadings.   It would seem to have been intended to impeach some statements made by the plaintiff Solomon as a witness; but the record in the state in which it is left fails to show that Solomon gave any testimony in the case.

One of the affidavits tends to show that the court erred in finding the fact that Deal was the administrator of Cardenas.   But the finding of the court as to that fact, and the verdict of the jury upon the issues submitted to them, are totally distinct, and an affidavit which tends to show that the court erred in its finding does not support a motion to set aside the verdict of the jury, which was the motion that was made.   It is unnecessary in this case to decide whether the findings of the court, upon which the order of substitution was based, were the subject of a motion for a new trial.   If they were, the motion should have specified those

findings; and this case is disposed of by saying that the motion of appellants was directed exclusively to the verdict.

It may perhaps be true that the effect of setting aside the order of substitution would have been to render a new trial necessary; but, however that may be, we are satisfied that an order for a new trial ought not to be made on a motion to set aside a verdict, merely because the court has erred in finding a fact in some preliminary proceeding in the case. The error of the court in such case can not be reviewed on that sort of a motion.

But the order of the court amending the judgment we think was erroneous. It was made long after the expiration of the term at which the judgment was rendered, and there was nothing in the record to show that Solomon and Cardenas were partners. . This order of the court is therefore reversed, and the judgment, as originally entered, affirmed.