WILL OF EBENEZER W. COLE. [Motion.]

*May 17 — June 22, 1881.*

*(1) Correction of judgment at subsequent term. (2) Liability of executor and sole legatee, upon statutory bond.*

1. The judgment directed in this case (reported in 49 Wis., 179) having been that the taxable costs be paid out of the estate, and the judgment actually entered failing to show that the costs thereby made so payable were the contestants' costs, this court, *at a subsequent term*, orders a correction of the judgment so as to show that fact.

2. The executrix and sole legatee named in the will having given the bond prescribed by sec. 3795, R. S. (to pay all debts and legacies of the testator), title to the whole estate passed to her, and the administration was terminated; but she is liable upon said bond for the costs awarded out of the estate to the contestants.

APPEAL from the Circuit Court for *Jefferson* County.

A motion by the contestants of the will to correct the judgment entered on their appeal in this cause, and for execution on such amended judgment, was made on the 17th of May, 1881.

There was a brief in support of the motion by *Hall & Skinner*, and oral argument by *Mr. Hall.*

*Harlow Pease, contra.*

LYON, J. This case was determined at the January term, 1880, and is reported in 49 Wis., 179. The direction of the court was, that the taxable costs be paid out of the estate of the testator. The costs of the contestants were thereupon taxed, and judgment for the amount thereof, payable out of the estate, was entered. The judgment fails to state that the costs therein mentioned were the contestants' costs. The contestants now move that the judgment be corrected so that the same will show that the costs taxed are their costs; also that an execution *de bonis testatoris* issue upon the judgment.

1. We are inclined to think that the judgment in its present form may be enforced by the contestants, but instead of

so holding we have deemed it advisable to order the correction asked. There is no rule of law in the way of making the correction at a term subsequent to the rendition of the judgment. The omission sought to be supplied is not the omission of the court. The proper judgment was directed, and if not entered as directed the failure may be corrected by the court at a subsequent term. This is the rule of *Ætna Life Ins. Co. v. McCormick*, 20 Wis., 265, and of several other cases in this court.

2. It was stated in the argument of the motion, and not denied (although the motion papers do not show the fact), that the proponent of the will, who is the executrix and sole legatee named therein, has given the bond provided for in section 3795, R. S., to pay all debts and legacies of the testator. Doubtless this bond covers the costs in question, or any other liability against the estate of the testator. The effect of the bond is to pass to the executrix and sole legatee the absolute title to the whole estate, and to terminate the administration. Claims against the estate became, by the execution of the bond, claims against such sole legatee, and the remedy of general creditors of the estate was thereafter upon the bond or against the legatee, and not against the estate. This is the doctrine of the Massachusetts cases arising under the statute of that state, of which our statute is a copy. *Thompson v. Brown*, 16 Mass., 172; *Clarke v. Tufts*, 5 Pick., 337.

Because there is probably no property remaining which an execution *de bonis testatoris* would reach, the motion for leave to issue execution must be denied; but without prejudice to the right to renew it, should it transpire that no bond has been given.

*By the Court.*— The former judgment will be vacated, and a corrected judgment, as above indicated, will be entered as of the same date. No costs are awarded to either party.