## T. H. SHACKELFORD *v.* M. P. LEVY & Co.

1. JUDGMENT. *Amendment of. Record.*
   A judgment cannot be amended after the expiration of the term at which it was rendered, nor a judgment *nunc pro tunc* entered, unless the record itself show the facts authorizing such action. And the notes of the judge made on the docket, or memoranda found among the papers, cannot be considered as a part of the record.

2. SAME. *Entry as to costs. Section 1497, Code of 1880, construed.*
   Under ⸹ 1497, Code of 1880, which provides that, if a plaintiff "shall not recover more than one hundred and fifty dollars, he shall not recover any costs of the defendant, unless the judge shall be of opinion, and so enter on the record, that the plaintiff had reasonable ground to expect to recover more than one hundred and fifty dollars," such entry on the record must be made at the term at which the judgment is rendered.

APPEAL from the Circuit Court of Chickasaw County.
HON. J. W. BUCHANAN, Judge.
The case is stated in the opinion of the court.

*Harper & Baskin,* for the appellant.

1. It is settled, as a general rule, that no final judgment can be amended after the term at which it was rendered.

The authorities do not sanction the doctrine that it is lawful to correct judicial errors under the false pretense of correcting clerical mistakes. That a judgment may be amended in this State at a term subsequent to its rendition is well settled, but it is equally well settled that it must be amended by the *record alone.* Parol evidence *cannot* be resorted to. The English practice has been so long observed of sticking to the record, and so many adjudications made in *this State,* that it is no longer considered an open or even a debatable question. See following authorities : *Dickson* v. *Huff,* 3 How. (Miss.) 165 ; *Burney* v. *Boyett,* 1 How. (Miss.) 39 ; *Rhodes* v. *Sherrod,* 8 S. & M. 97 ; *Russell et ux.* v. *McDougall,* 3 S. & M. 234 ; *Moody* v. *Grant,* 41 Miss. 565 ; *G. Wiggle et ux.* v. *Owen,* 45 Miss. 691.

2. The only question for the court to determine is whether the certificate of the judge filed with the papers, but not entered of record, is a part of the record.

This question has been considered by the court, and the judge, in delivering the opinion of the court, uses the language of the statute, " That the verdict for a smaller sum than one hundred and fifty dollars will be good, but will only carry costs when accompanied by an entry of record that there was reasonable ground to expect a larger recovery." *Fenn* v. *Harrington,* 54 Miss. 737.

*W. T. Houston,* for the appellees.

1. Was this entry required to be made during the term at which the judgment was rendered, or could it not be made at any time on motion to retax costs ? Costs of the case can be retaxed, readjusted at any time after issuance and levy of execution at common law, as I understand. Now is the court shorn of this power by a requirement that in this class of cases it shall only tax the costs against the defendant where it is of opinion, and shall so enter on the record (not in the record as a part thereof, but *on the record,* as it has, or may have been made up), etc. ?

That costs may be retaxed after the term will not, I think, be questioned.

2. Was this record required to be made on the minutes of the court? If so, why did not the legislature say on the minutes, which are a part of the record, but not the record? When this certificate was filed, did it not become as much a part of the record as a filed motion or a plea or an itemized account filed with the plea or declaration?

If not, what is capable of becoming a part of the record, and what is the one only sure process of getting it on the record, and what is the record?

3. Is the entry of this certificate on the record an alteration or amendment of the judgment? At common law the judgment carried costs, though costs were not mentioned, and I take it that this entry was not intended to become a part of the judgment any more than the balance of the record is expected to be incorporated in the judgment as it is entered on the minutes.

*R. P. Williams,* on the same side.

1. This case presents a plain misprision of the clerk, which the court at any reasonable time may correct. Freeman on Judgments, §§ 69 and 71; *Healey* v. *Just,* 53 Miss. 547; *Lewis* v. *Ross,* 59 Am. Dec. 49; *Rhoads* v. *Commonwealth,* 15 Pa. St. 276; *Mans* v. *Mans,* 5 Watts 318 and 319; 4 Yeates (Pa.) 559.

2. Section 1497 of Code 1880 was substantially complied with when the court signed the certificate and the clerk filed the same among the papers in the cause. It was then on the record, and performed every function that it could have performed if transcribed on the minutes of the court, viz. : direction to clerk how to tax costs. *McKenzie* v. *Dozier,* 44 Miss. 606; *Tomlinson* v. *Hoyt,* 1 S. & M. 515; *Nobles* v. *Shearer,* 6 Ohio 426.

The record is made up of the papers filed in course of a lawsuit. *McKnight* v. *Dozier, supra;* 6 Ohio 426.

The declaration is a part of the record. Suppose this certificate had been made on the declaration, would it not have been on the record? *Edmiston* v. *Schwarth,* 13 S. & R. 135.

COOPER, C. J., delivered the opinion of the court.

Section 1497 of the code provides that a plaintiff in a suit in-

stituted in the circuit court, recovering less than one hundred and fifty dollars, " shall not recover any costs of the defendant unless the judge shall be of opinion, *and so enter on the record,* that the plaintiff had reasonable ground to expect to recover more than one hundred and fifty dollars."

The plaintiff in this action of assumpsit recovered a judgment for fifty-nine dollars and sixty-two cents, which was entered on the minutes of the court in the common form without any judgment for costs.  Two days thereafter he applied to the judge, who gave to him a certificate that in his opinion the plaintiff had had reasonable grounds to believe that he would recover more than one hundred and fifty dollars.  This certificate was filed among the papers of the case, but no change was made in the form of the judgment, nor was any other entry made on the record in reference thereto. At the succeeding term of the court the plaintiff moved to correct the judgment, and on the hearing of the motion the certificate of the judge was admitted in evidence, and parol evidence was heard, showing the circumstances under which it was given, and the judge himself testified as to his intentions in giving it.  On this evidence the judgment was amended so as to give costs to the plaintiff, and from this action of the court the defendant appeals.

At an early day in the history of this State, it was decided by this court that no judgment could be amended after the term in which it had been rendered, or judgment entered *nunc pro tunc,* unless the facts authorizing such action were exhibited by the record, and that notes made by the judge on the docket or memoranda found among the papers could not be considered.  *Burnet* v. *Boyett,* 1 Howard 39; *Dickson* v. *Hoff,* 3 How. 165; *Russell* v. *McDougall,* 3 S. & M. 234; *Rhodes* v. *Sherrod,* 8 S. & M. 97; *Boon* v. *Boon,* Ib. 318; *Moody* v. *Grant,* 41 Miss. 565.

The statute now under consideration directs that the finding of the judge shall be " entered on the record," which means that it shall be made of record during the time when the court has control over it.  It is well settled that after the adjournment of the term in which the final judgment is entered such control is lost.

*The judgment amending the original judgment is reversed.*