WILLIAMS, Respondent, vs. HAYES and others, Appellants.

*February 2 — March 1, 1887.*

*Judgment: Correction and amendment:* Res adjudicata: *Dismissal of complaint.*

1. After the term at which a judgment was rendered, and even after the expiration of a year after notice thereof, the circuit court may *correct* a mistake in the entry of the judgment, so as to make it conform to the judgment actually pronounced; but it cannot *modify* or amend the judgment to make it conform to what the court ought to have adjudged or intended to adjudge.

2. Whether a judgment simply dismissing the complaint in an equitable action is a bar to a future action or proceeding involving the same subject matter, is not determined. But when in the entry of such a judgment it is erroneously made to appear that the complaint was dismissed "upon the merits," the addition of such words is material, and they may be stricken out on motion.

APPEAL from the Circuit Court for *Racine* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was commenced by the plaintiff to set aside the proceedings of the defendants in laying out and opening a ditch through the plaintiff's land. The action was brought to a hearing in the circuit court in the March term, 1884. After the plaintiff had produced his evidence and rested his case, on motion of the defendants the circuit court ordered the complaint dismissed with costs. A motion was made by the plaintiff to set aside the order dismissing the action, and for a new trial. This motion was denied, and thereupon, on December 17, 1884, the clerk entered judgment in the action dismissing the action "upon its merits," with costs to the defendants. On April 6, 1885, the plaintiff appealed from the judgment to this court, and on September 1, 1885, the appeal was dismissed for want of prosecution, and no further steps were taken in the action until

August 17, 1886, when the plaintiff, upon affidavits and the proceedings in the case, moved the circuit court to modify the original judgment entered in the case, December 17, 1884, "to conform to the order and decision of the court herein, and so that it may appear, as the truth is, that no judgment was ever rendered or ordered, or decision made, by the court herein upon the merits in this action." Upon the hearing of this motion the circuit court made the following order:

" [Title, etc.]

" The plaintiff having moved said court to correct the judgment heretofore entered in this action on the 18th day of December, 1884, so that it may appear thereby, as it was intended by the court that it should appear; the facts being that upon the close of the plaintiff's testimony the defendants moved the court for a nonsuit and to dismiss the plaintiff's complaint, and the court granted the defendants' motion to dismiss the complaint and made no findings in the case; and on the motion for a new trial an affidavit was filed by the defendants showing that a writ of *certiorari* had issued to review the proceedings of the defendants, and it being claimed that therefore a new trial should not be granted, and that view being considered by the court, the motion was denied, so that the judgment as rendered upon such dismissal should have been without prejudice to the plaintiff's proceedings at law to review the proceedings attacked by the complaint. Now, therefore, after hearing Messrs. W. C. Williams and W. J. Turner in support of the motion, and T. W. Spence, Esq., in opposition thereto, and having taken said motion under advisement, and being now advised thereon, so as to make said judgment correspond to the decision and determination of the court,

" ORDERED: That said judgment be corrected and amended and entered upon the records of this court so as to read as follows:

"'CIRCUIT COURT, RACINE COUNTY.

"'*T. C. Williams, Plaintiff*, v. *A. B. Hayes, H. C. Williams, and O. L. Crabb, Defendants.*

"'This action having come on for trial at the March term of said court, and the testimony on the part of the plaintiff having been heard, and the court, Hon. A. Scott Sloan, circuit judge, presiding, having, on motion of defendants' attorneys, ordered that the complaint of the plaintiff be dismissed because his remedy was at law and not by complaint in equity, and without prejudice to the right to proceed at law to review the proceedings set forth in the complaint in this action; and the plaintiff's motion to set aside the order of dismissal of the complaint having been denied: now, on motion of H. A. Cooper, Esq., defendants' attorney, it is adjudged that the plaintiff's complaint be dismissed, but without prejudice to the plaintiff's proceeding at law to review the proceedings described in the complaint in this action; and that said defendants do have and recover of the plaintiff their costs and disbursements herein taxed and allowed at the sum of one hundred and eleven dollars and 73-100 dollars.

"'*Racine, December 18, 1884.*    F. W. BRUCE, Clerk.'

"And it is further ordered that this order be entered *nunc pro tunc* as of the 19th day of August, 1886.

"*Dated September 15, 1886.*

"By the court.

[Signed]          "A. Scott Sloan, Circuit Judge."

From this order the defendants appeal to this court.

For the appellants there was a brief by *H. A. Cooper* and *Quarles & Spence*, and oral argument by *Mr. Spence*. They contended, *inter alia*, that a former decree in equity between the same parties upon the same subject matter, which dismisses the bill, is a bar *unless expressed to be without prejudice.* Story's Eq. Jur. sec. 1523; Bigelow on Estoppel, 228,

Williams vs. Hayes and others.

24 and note; Story's Eq. Pl. 793; *Durant v. Essex Co.* 7 Wall. 107; *Perine v. Dunn*, 4 Johns. Ch. 142; *Barker v. Belknap's Estate*, 39 Vt. 168; *Mickles v. Thayer*, 14 Allen, 114. A judgment dismissing a suit without any reserve for its renewal, *concludes* the parties. *Bledsoe v. Erwin*, 33 La. Ann. 615. Where the decision of the court, after examination of the pleadings and evidence, is entered on the docket " dismissed," without other words of qualification, such entry is conclusive of the merits of the case; and the court will deny a motion to amend the record by adding the words " without prejudice." 2 Daniel's Ch. Pr. 995, note 1; *Foote v. Gibbs*, 1 Gray, 412; *Bigelow v. Winsor*, id. 301; *Gove v. Lyford*, 44 N. H. 525; *Borrowscale v. Tuttle*, 5 Allen, 377.

For the respondent there was a brief by *W. C. Williams*, attorney, and *Gerrit T. Thorn*, of counsel, and oral argument by *Mr. Williams.* They argued, among other things, that if the record did not show the facts or grounds of dismissal the court had the *power* and it was *its duty* to amend or correct it. *Kempton v. Burgess*, 136 Mass. 192; *B. S. & M. Ass'n v. Boston*, 137 id. 186; *Foster v. " The Richard Busteed,"* 100 id. 412; *Wood v. Faut*, 55 Mich. 185; *Porter v. Wagner*, 36 Ohio St. 471. A court has power to modify a judgment dismissing a case absolutely, by amending it and making it without prejudice to the right to bring a new action, and a judgment dismissing a complaint may be subsequently amended so as to order a new trial instead of dismissal. It is within the *discretion* of the court, after the satisfaction of a judgment in favor of the plaintiff, to amend the complaint by adding a new cause of action, although by so doing the statute of limitations is avoided. *Loeschigk v. Addison*, 4 Abb. Pr. 210. See, also, *Giles v. Austin*, 34 N. Y. Super. Ct. 540; *Hatch v. Cent. Nat. Bank*, 78 N. Y. 487; *Crookes v. Maxwell*, 6 Blatch. 468; *Van Epps v. Van Deusen*, 4 Paige, 76; *Chamberlain v. Crane*, 4 N. H. 115.

TAYLOR, J.   The materiality of the amendment of the judgment arises out of the fact that the plaintiff, shortly after his equitable action was dismissed with costs, sued out a common-law writ of *certiorari* to review the proceedings of the defendants in laying out and opening said ditch through the plaintiff's lands, and the judgment as originally entered in this action is pleaded as a bar to the proceedings upon such writ.   The learned counsel for the appellants contend that the circuit court had no authority to amend the judgment in the manner specified in said order.   Among other reasons urged against the power of the court to make the order are the following:   " (2) The judgment cannot be modified or corrected, after the term at which it was rendered, to add anything omitted by the court or to carry out his unexpressed intentions, but only to correct errors of the clerk in entering its judgment."   " (5) If anything was omitted from the judgment by the clerk, it could only be supplied by motion within one year from notice of the judgment.   (6) The order modifying and correcting the judgment is not warranted by the moving papers.   The avowed object of the latter is to have the words ' upon the merits ' expunged from the judgment.   The order taken seeks to add to the judgment a new clause and condition.   (7) The respondent has forfeited all right, if he ever had any, to a modification of the judgment, by laches."

We do not deem it necessary to cite authorities to show that the court has no authority to change its judgment, as pronounced by the court, after the term in which it was rendered.   This is admitted by all parties.   But it is urged by the respondent that the court may, after the lapse of the term at which judgment is rendered, correct any mistake made in the entry thereof which is in conflict with the judgment actually pronounced by the court.   This latter proposition is fully sustained by the decisions of this court cited in the respondent's brief.   *Wyman v. Buckstaff*, 24

Wis. 477; *Ætna L. Ins. Co. v. McCormick*, 20 Wis. 265, 268; *Durning v. Burkhardt*, 34 Wis. 585; *Quaw v. Lameraux*, 36 Wis. 626, 629; *Will of Cole*, 52 Wis. 591, 592. These cases fully establish the power of the circuit court to correct any mistake made in the actual entry of the judgment, which is in conflict with the judgment as pronounced by the court, and they also establish the rule that such mistake may be corrected after the expiration of a year after notice of the judgment rendered. Whether the party who prepared the judgment and caused the same to be entered by the clerk, could, on his motion, have such judgment corrected after the lapse of one year from the entry thereof, is a question not decided in this case. The evidence does not clearly show that the respondent had actual knowledge of the form of the judgment as entered by the clerk within one year after its entry. However that may be, he is not necessarily limited to the year within which to move to have the judgment corrected. We think it very clear that, upon the facts of the case, the circuit court had authority to hear the motion, and to grant such relief as the respondent was entitled to under the facts.

The learned counsel for the appellants insist that the judgment entered by the clerk was in conformity to the judgment as pronounced by the court, and therefore it was error to change it after the term at which it was entered had passed. After a careful reading of all the minutes of the reporter, of the clerk, and of the motion as made by the appellants, it appears to us very clear that the only judgment pronounced by the court, upon the motion of the appellants, was "that the complaint be dismissed with costs." The judgment entered by the clerk was that the complaint be dismissed "upon the merits," with costs to the defendants.

It is insisted by the learned counsel for the appellants that there is no difference in the law between a judgment

dismissing the complaint with costs, and one dismissing the complaint "on the merits" with costs. If this proposition be good law, there could be no reasonable complaint as to the form of the judgment as entered by the clerk, and the judgment would be substantially the judgment pronounced by the court. After an examination of the authorities cited upon this point by the learned counsel for the respective parties we are not satisfied that a judgment simply dismissing the complaint in an equitable action is conclusive that the same was dismissed upon the merits, and is in all cases equivalent to a dismissal of the complaint upon the merits; and we are disposed to hold that the addition of the words "upon the merits" was a material addition to the judgment, and, if not directed to be so entered by the judge in pronouncing his judgment, the clerk had no authority to insert them in the judgment. There is at least so much uncertainty as to the conclusiveness of a judgment simply dismissing the complaint in an equitable action as a bar to a future action involving the same subject matter, that we are not disposed to determine the matter finally upon the motion made in this case. The effect of the judgment as a bar to further proceedings of the respondent in his *certiorari* proceedings must be determined in that action, when produced in evidence as a bar to that proceeding. The following authorities have a bearing upon that question: *Carter v. W., St. L. & P. R. Co.* 137 Mass. 187; *Kempton v. Burgess,* 136 Mass. 192; *Foye v. Patch,* 132 Mass. 105; *Burbank v. Woodward,* 124 Mass. 357; *Foster v. " The Richard Busteed,"* 100 Mass. 409, 412; *Perine v. Dunn,* 4 Johns. Ch. 140; *Holmes v. Remsen,* 7 Johns. Ch. 286; *Griswold v. Jackson,* 2 Edw. Ch. 461; *Lansing v. Russell,* 13 Barb. 510; *Mason's Ex'rs v. Alston,* 9 N. Y. 28; *People ex rel. Trainer v. Cooper,* 8 How. Pr. 288; *Bostwick v. Abbott,* 40 Barb. 331; *Burhans v. Van Zandt,* 7 N. Y. 525. See, also, the cases cited by the learned counsel for the appellants in their brief on this

point. As the words added by the clerk in entering the judgment may change the conclusiveness of such judgment as a bar to the plaintiff in his subsequent proceedings, the entry was unauthorized, and was properly stricken out upon the motion of the respondent.

Upon an examination of the record and proceedings in this case had upon the trial, it seems plain to us that the only direction for judgment given or made by the court on the trial, after hearing the motion made by the defendants to dismiss the complaint, was that the complaint be dismissed with costs. This being so, it is entirely immaterial, for the purposes of the motion to correct the judgment entered, that the learned judge supposed he was directing a judgment dismissing the action without prejudice to the right of the plaintiff to bring another action, or that he intended to direct such a judgment. It would be unsafe to permit judgments to be changed in a substantial matter, years after the same are entered, upon the mere recollection of the judge that he intended to direct a different one from that which he expressly directed at the time, and we do not find any case which sanctions such proceeding. Such a modification of the judgment is not correcting the judgment as announced at the time, but it is making the judgment conform to what the court ought to have adjudged, or to what he intended to adjudge but failed to adjudge. Such a change in a judgment can only be made during the term in which it was entered. *Latimer v. Morrain,* 43 Wis. 107; *Selz v. First Nat. Bank,* 60 Wis. 246; *Schobacher v. Germantown F. M. Ins. Co.* 59 Wis. 86.

We are of the opinion that the court erred in modifying the judgment by stating in the order that it was dismissed "because his remedy was at law and not by complaint in equity," and without prejudice to the right to proceed at law to review the proceedings, and by inserting in the judgment itself the words, "but without prejudice to the

plaintiff's proceeding at law to review the proceedings described in the complaint in this action." The only relief the court should have granted upon the motion of the plaintiff was to strike from the judgment the words "upon the merits." This would leave the judgment such as was ordered by the court at the time it was announced. Whether the judgment, as so corrected and modified, will be a bar to the proceedings of the plaintiff on his writ of *certiorari* is a question which is not directly involved on this appeal, and is not decided.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to the circuit court to correct and modify the judgment by striking therefrom the words "upon the merits," as indicated in this opinion.

See note to this case in 32 N. W. Rep. 44.— REP.

