PACKARD and another, Respondents, vs. KINZIE AVENUE HEIGHTS COMPANY, imp., Appellant.

*December 21, 1899 — January 9, 1900.*

*Mortgages: Foreclosure: Deficiency judgment: Mistake: Amendment: Practice on appeal.*

1. A judgment for deficiency in an action for the foreclosure of a mortgage is improper except in conformity to an order included in the foreclosure decree.
2. A mistake in drafting a foreclosure judgment, whereby it fails to conform to the judgment pronounced, may be corrected on motion in the court where the mistake occurred, in the absence of equities rendering such correction unjust.
3. A mere mistake in the entry of a judgment, amendable as such on motion in the court where it occurred, will be corrected on appeal, or treated as corrected, and the appeal decided in accordance therewith against the appellant.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Affirmed.*

A judgment of foreclosure and sale was rendered November 12, 1894, adjudging $1,109.18 to be due plaintiffs for interest, costs, taxes, and solicitor's fees, $831 to become due

Packard and another vs. Kinzie Avenue Heights Co.

August 10, 1895, the same amount to become due August 10, 1896, and $14,681 to become due August 10, 1897. The judgment provided that if the proceeds of the sale should be insufficient to pay the amount due at the time of the sale, a personal judgment for the deficiency should be rendered against the parties personally liable. A sale was made pursuant to the judgment. The report of sale was to the effect that it realized $4,672.53 over and above sufficient to satisfy all costs and expenses chargeable to the proceeds of the sale and the amount adjudged to be due when the judgment was rendered; that $831 had become due since the rendition of judgment, and that $13,850.50, and interest at the rate of six per cent. per annum from August 10, 1895, was to become due; and that if the surplus were applied upon the sum due and to become due there would be left a deficiency of $10,447.05. Such surplus was paid into court. March 25, 1898, after the entire indebtedness had become due, upon application of the plaintiffs to the court for judgment for the deficiency left after applying all the proceeds of the sale as set forth in the sheriff's report of sale, judgment was rendered against the parties personally liable according to the original judgment,— *Kinzie Avenue Heights Company* and Pinkney G. Lewis. The *Kinzie Avenue Heights Company* appealed from such judgment.

After the appeal was perfected the plaintiff *Packard* died, and the cause was revived in the name of his executor, but the case is reported under the original title to correspond with the calendar and the opinion filed.

For the appellant there were briefs by *Sawyer & Sawyer*, and oral argument by *H. W. Sawyer* and *E. W. Sawyer*.

For the respondents there was a brief by *Kearney & Thompson*, and oral argument by *W. D. Thompson*.

MARSHALL, J. It is conceded that the judgment for deficiency appealed from is erroneous unless ordered in the

decree of foreclosure as actually pronounced by the court.
It is claimed by respondents that it was so ordered, but that,
by mistake in preparing the written evidence thereof for
action of the court by the signature of the presiding judge
or clerk of the court, it was not made to accord with such de-
cision by providing for a judgment for a deficiency as to the
amount of the mortgage indebtedness to become due as well
as that then due.    That such mistakes can be corrected by
the court in which they occurred, regardless of the time
limit upon the power of the court to correct judicial errors,
is too well settled to require any extended argument or cita-
tion of authorities.    The following cases in this court may
be referred to: *Ætna L. Ins. Co. v. McCormick*, 20 Wis. 265;
*Wyman v. Buckstaff*, 24 Wis. 477; *Durning v. Burkhardt*,
34 Wis. 585; *Cole's Will*, 52 Wis. 591; *Williams v. Hayes*, 68
Wis. 248; *State ex rel. Taylor v. Sup'rs of Delafield*, 69 Wis.
264; *Hoffman v. State*, 88 Wis. 166.  Also, Black, Judgments,
§ 161, and Freeman, Judgments, §§ 71, 72, and cases cited
in the notes.  The following text in Black is fully supported
by the cases in this court referred to:  "All courts, from the
highest to the lowest, whose proceedings are preserved in
any species of record or memorial, have the power and au-
thority to make such corrections therein as truth and justice
require and the rules of law will permit, and this power,
being inherent, belongs to a court merely as such and does
not depend upon a statutory grant of jurisdiction."  In *Wy-
man v. Buckstaff*, *supra*, the judgment and conclusions of
law on which it was based were changed so as to make the
judgment stand as a charge against property held by plaint-
iff in his representative capacity instead of against his indi-
vidual property, in order to agree with the decision of the
court as the presiding judge recollected it.    That is rather
an extreme case.    The rule in many jurisdictions is that a
mistake, to be subject to correction by amendment, must
appear in some way by the record, and not by the mere re-

membrance of the judge or some other person or. persons concerned in the transaction. Probably the better rule is to so confine the practice, especially after the lapse of a considerable length of time. According to the English practice, a mistake, to be remediable as such, must always appear by the record or some writing made at the time. Such is the practice in many of the states. *Summersett v. Summersett's Adm'r,* 40 Ala. 596; *Kemp v. Lyon,* 76 Ala. 212; *Dixon v. Mason,* 68 Ga. 478; *Bennett v. Tierney,* 78 Ky. 580; *Williams v. Henderson,* 90 Ind. 577; *State ex rel. Graves v. Primm,* 61 Mo. 166; *Shackelford v. Levy,* 63 Miss. 125; *De Castro v. Richardson,* 25 Cal. 49; *Solomon v. Fuller,* 14 Nev. 63; *Giddings v. Giddings,* 70 Iowa, 486. A more liberal rule has prevailed here, as before indicated, though it has been heretofore said that an amendment depending upon mere memory as to the facts, after the lapse of many years, should not be granted to correct an alleged mistake in not entering a judgment in accordance with the decision of the court. *Williams v. Hayes, supra.*

The mistakes that may be corrected under the practice indicated, include everything that may be the subject of mistake. As to a judgment, the test is, Does it, as entered, conform to the decision made or judgment pronounced? There is no power to correct errors in the actual judicial determination under the guise of correcting mistakes. Such errors must be corrected in the court where committed, within the time and in the manner specified in the statutes, or on writ of error or appeal. In *Williams v. Hayes, supra,* where the actual judgment rendered was for a dismissal of the complaint, and the judgment as entered was in form a dismissal on the merits, it was held that it could be corrected by striking out the words "on the merits." In *Cole's Will,* 52 Wis. 591, the judgment was corrected so as to provide that the costs of the contestants should be paid out of the estate, the court saying: "There is no rule of law in the way

of making the correction at a term subsequent to the rendition of the judgment. . . . The proper judgment was directed, and if not entered as directed the failure may be corrected by the court at a subsequent term." In *State ex rel. Taylor v. Sup'rs of Delafield,* 69 Wis. 264, recitals included in an order for a peremptory writ of *mandamus,* contrary to the facts and by mistake, were stricken out in the trial court after an appeal had been perfected to this court, it being said in the opinion that the fact of the appeal, or the lapse of the term at which the order was entered, or the year within which the court might relieve a party from mistake in certain cases under the statute, did not prevent the correction of such a mistake as a departure, in entering the order, from the actual decision of the court. In *Durning v. Burkhardt,* 34 Wis. 585, a judgment for damages and for the abatement of a dam was corrected by striking out that part relating to the abatement, because the decision of the court did not go that far, it being said in the opinion, in substance, that the court had no power at a subsequent term to that at which the judgment was entered to review it on the merits and correct judicial errors, but it was competent for the court, at a subsequent term, to correct the judgment so as to make it conform to the decision of the court.

Turning to the record to determine whether the failure to include, in the final evidence of the judicial determination of this cause, a provision for a deficiency judgment as to that part of the debt not due at the time of such determination, was a judicial error in that the trial court either failed to pass on the subject at all or did so erroneously, or was a mistake in drafting the final decree, no difficulty is met with in reaching a determination that it was the latter. The prayer for relief in the complaint was for a judgment containing an order for a deficiency judgment as to all the indebtedness not satisfied by the sale of the property. The referee's report covered all the facts requisite to such a judg-

Packard and another vs. Kinzie Avenue Heights Co.

ment. On such report, and other evidence taken in open court, the presiding judge decided that all the facts existed requisite to entitle plaintiff to the judgment prayed for, and in writing stated his conclusions in that regard in detail, together with a conclusion of law in accordance therewith, and added thereto an order that judgment be so rendered. The decree prepared, signed, and filed, based on such order, did not, however, conform thereto. This statement needs no argument to demonstrate that the court considered the matter of the right to a deficiency judgment as prayed for; that plaintiff was adjudged entitled to a decree containing an order therefor; and that a decision was in effect pronounced accordingly, but that, in the preparation and signing of the written evidence of it, the mistake was made of confining the order for the deficiency judgment to such part of the amount adjudged to be due as should not be satisfied by the proceeds of the sale, instead of including the entire indebtedness. There was no error of judgment, none whatever,— simply a mistake in not so drafting the decree as to express the actual determination of the court,— a mistake clearly within the inherent power of the court to correct at any time, unless some equitable considerations intervened to make such correction unjust. It should be remarked in this connection that there are no equities in appellant's favor that stand in the way of correcting the mistake here, so far as we can discover from the record.

Now, as stated in the opening lines of this opinion, it is conceded that if the signed decree in this cause expresses in full the decree actually pronounced or ordered by the trial court, the deficiency judgment is wrong because not supported by a proper order in such decree. The point being settled that the decree is not according to the decision of the court, in that it omitted an order for a deficiency judgment covering that part of the debt to become due as well as that which was due, and that such mistake was re-

mediable by the court on motion, the question is presented whether it was not necessary to make the correction prior to the rendition of the deficiency judgment.

The respondents' attorneys should have moved the court for a correction of the foreclosure decree and for a judgment for a deficiency in accordance therewith. No objection seems to have been made to the entry of the judgment appealed from on that ground, and if there were it is by no means clear that the failure to make the correction in advance of the entry of judgment would constitute a prejudicial error to be taken advantage of by appeal. The real foreclosure decree made unquestionably authorized the deficiency judgment appealed from. A formal correction of the signed decree would have been made on the application for such judgment had the court's attention been called to the necessity for it. The record showed the facts clearly. The motion for the deficiency judgment was based on the record as well as on affidavits duly served. The necessity for the correction of the mistake, prior to the rendition of the judgment appealed from, is one of those matters that should be treated on appeal as satisfied in effect by what was done,— the granting of the motion for judgment upon the ground that the foreclosure decree authorized it; or the appellate court should make the amendment and affirm the judgment appealed from with costs to the respondent, because the error was not prejudicial to the adverse party. *Smith v. Kennedy,* 63 Ala. 334. It falls within the rule that on appeal, in support of the judgment appealed from, the pleadings and proceedings will be deemed amended in accordance with the facts proved when the evidence was not objected to below, or the proper amendment will be made on appeal. *Gill v. Rice,* 13 Wis. 549; *Forcy v. Leonard,* 63 Wis. 353; *Hubbard v. Haley,* 96 Wis. 578; *Slater v. Cook's Estate,* 93 Wis. 104; *Phillips v. Carver,* 99 Wis. 578; *Reisz v. Supreme Council,* 103 Wis. 427. It also falls within the scope of the beneficent

statute so often invoked to cure errors that do not affect the substantial rights of the adverse party (sec. 2829, Stats. 1898). In *Smith v. Kennedy, supra,* under a statute similar in principle to sec. 2829, it was held that a judgment should not be reversed on appeal for any mistake amendable as such in the court below, but that the amendment should be made, if necessary, in the appellate court, and the judgment affirmed with costs against the appellant. That rule is stated as elementary in Black, Judgments, § 161.

*By the Court.*— The judgment appealed from is affirmed.

Dodge, J., took no part.