FISCHBECK, Appellant, vs. MIELENZ and others, Respondents.

*October 5, 1915—January 11, 1916.*

*Judgments: Setting aside after term: "Surprise:" Delay in entry: Mistakes: Correction: Jurisdiction: Validity of judgment: Construction: Interest.*

1. A valid judgment cannot be set aside after the term at which it is entered, except under sec. 2832, Stats., and the motion and order under that section must be made within one year after the moving party had notice of the judgment.
2. A judgment entered by the clerk in pursuance of an order of court made on the same day must be regarded as a judgment of the court in session, and a motion to set it aside for irregularity must be made at the same term.
3. The circuit court has no jurisdiction to review a judgment rendered at a former term, for the purpose of correcting errors in law or fact committed by the court in rendering it or in the proceedings prior thereto.
4. Where judgment is entered after a full trial on the merits and pursuant to an order of the court, surprise at the decision of the court on the facts before it is not the kind of surprise for which sec. 2832, Stats., provides a remedy.
5. A court is not authorized to set aside a final judgment more than three years after it was entered merely because there was a long delay in entering it.
6. After the lapse of the term at which judgment is entered and the expiration of one year thereafter, the circuit court may correct a mistake in the entry of the judgment so as to make it conform to the judgment actually pronounced by the court, but it cannot modify or amend the judgment to make it conform to what the court ought to have adjudged or even intended to adjudge.
7. No power exists to set aside the whole of a judgment for the purpose of correcting a clerical error therein.
8. An order of the circuit court setting aside the whole of a judgment entered three years before, for the purpose of correcting a clerical error therein, was a nullity, and a new judgment entered in lieu of the former one was absolutely void.
9. Where by a judgment the amount of plaintiff's recovery was adjudged to be a certain sum with interest from December 19, 1898, and it was further adjudged that plaintiff have a lien on certain property to the extent of said sum and interest thereon from December 19, 1896, the lien could not be enforced for interest accruing before December 19, 1898.

APPEAL from a judgment and an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Dismissed.*

This case was before this court on a former appeal and is reported in 119 Wis. 27 (96 N. W. 426). The facts are quite fully stated in the report of the case, and it is only necessary here to state what occurred after the cause was remanded. The circuit court ordered a reference to hear, try, and determine the issues which this court decided should be again tried. The referee filed his findings of fact and conclusions of law October 31, 1904. On December 3, 1904, appellant moved to amend such findings and conclusions in various particulars and for judgment on the report as amended. The court permitted the respondent to offer additional evidence in the circuit court.

The referee found that the amount due and unpaid on the judgment was $1,209.33, with interest from December 19, 1898. The court, on the evidence produced, reduced this sum to $1,155.73, and ordered that judgment be entered accordingly with costs. This order was made December 31, 1904. On April 5, 1905, another and more formal order for judgment was entered in the case. It differed from the first one in that it directed that the amount found due was a lien on the amount derived from the sale of the interest in the real estate referred to and formerly owned by Roth, and denied costs. It also allowed interest on the balance found due from August 28, 1896, when the original judgments were entered. Judgment was not entered, and on November 22, 1906, appellant moved to dismiss respondent's claim for want of diligence and unreasonable neglect in failing to take judgment. This motion was denied and the court ordered that judgment be entered on the findings forthwith. No further proceedings seem to have been taken until July 12, 1911, when respondent caused judgment to be entered on the orders referred to, without notice to the appellant, for $1,155.73

with interest, which sum was declared to be a lien on the fund derived from the sale on partition. Up to this point the proceedings were carried on before Judge HALSEY, although the judgment was signed by the clerk. On July 25, 1914, the appellant moved that the judgment be vacated and set aside for various reasons. This motion was made before Judge WILLIAMS, who held that a clerical error had been made in drawing the judgment, the error consisting in allowing interest from December 19, 1896, instead of from December 19, 1898. This correction, if material, benefited the appellant. The court further directed the clerk to enter *nunc pro tunc* as of the 5th day of April, 1905, a final judgment on the issues raised in the cross-complaint of the defendant *Olga Fischbeck* against the defendant *Albert E. Mielenz,* in accordance with the findings and conclusions of the referee as modified by Judge HALSEY. Judgment was accordingly entered on December 5, 1914, in respondent's favor for $1,155.73, with interest from December 19, 1898, and decreeing that respondent was entitled to receive said sum out of the proceeds of the partition sale of the one-quarter interest in the real estate referred to, then in the hands of the clerk. The judgment of July 12, 1911, adjudged that on June 28, 1897, there was still due on the bank judgments $1,155.73 "and interest thereon from December 19, 1898." It was further adjudged that judgment of the bank, numbered 16,048, stand and remain in force for $1,155.73, with interest thereon from December 19, 1898, and that said judgment be ordered satisfied except as to said sum. It was further adjudged that said sum with interest from December 19, *1896,* constituted a lien on the money derived from the sale or partition of the Roth one-quarter interest in the real estate referred to in the former statement of facts. All of the other bank judgments were adjudged to be satisfied. This appeal is taken from the judgment entered December 5, 1914, and from the order permitting said judgment to be entered *nunc pro tunc* as of April 5, 1905.

For the appellant there were briefs by *Fred'k W. v. Cotzhausen,* attorney, and *Jas. L. O'Connor,* of counsel, and oral argument by *Mr. O'Connor.*

For the respondents there was a brief signed by *Lyman G. Wheeler,* attorney for *Mielenz,* and *Doerfler, Green & Bender,* attorneys for the executors, and oral argument by *Mr. Wheeler* and *Mr. W. H. Bender.*

The following opinion was filed October 26, 1915:

BARNES, J.   It is the settled law of this state that a valid judgment cannot be set aside after the term at which it is entered, except under provisions of sec. 2832, Stats.   And where relief is asked under this section, not only the motion but the order itself must be made within one year after the moving party has notice of the judgment.   *Whilney v. Karner,* 44 Wis. 563; *Edwards v. Janesville,* 14 Wis. 26; *Spafford v. Janesville,* 15 Wis. 474; *Flanders v. Sherman,* 18 Wis. 575, 593; *Ætna L. Ins. Co. v. McCormick,* 20 Wis. 265; *Hartshorn v. M. & St. P. R. Co.* 23 Wis. 692; *Scheer v. Keown,* 34 Wis. 349; *Quaw v. Lameraux,* 36 Wis. 626; *Knox v. Clifford,* 41 Wis. 458; *Hogan v. State,* 36 Wis. 226; *Black v. Hurlbut,* 73 Wis. 126, 40 N. W. 673; *Zinc C. Co. v. First Nat. Bank,* 103 Wis. 125, 138, 79 N. W. 229; *Challoner v. Howard,* 41 Wis. 355.

In this latter case it is said that the rule does not militate against the power of a court to prevent the inequitable use of a judgment or to restrain the enforcement of a judgment obtained by fraud.

A judgment of the clerk entered in pursuance of an order of court made on the same day must be regarded as a judgment of the court in session, and a motion to set it aside for irregularity must be made at the same term.   *Pormann v. Frede,* 72 Wis. 226, 39 N. W. 385.

The circuit court has no jurisdiction to review a judgment rendered at a former term, for the purpose of correcting errors in law or fact committed by the court in rendering it or

in the proceedings prior thereto. *Van Dresar·v.· Coyle,* 38 Wis. 672; *Pinger v. Vanclick,* 36 Wis. 141; *Ætna L. Ins. Co. v. McCormick,* 20 Wis. 265; *Durning v. Burkhardt,* 34 Wis. 585; *Bonnell v. Gray,* 36 Wis. 574; *Quaw v. Lameraux,* 36 Wis. 626; *Emerson v. Huss,* 127 Wis. 215, 223, 106 N. W. 518.

In substance sec. 2832, Stats., provides· that the court may in its discretion, at any time within one year after notice thereof, relieve any party from a judgment against him through his mistake, inadvertence, surprise, or excusable neglect and may supply any omission in any proceedings; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of law, the court may in like manner permit an amendment to such proceeding so as to make it conformable thereto.

Manifestly the appellant's motion was not made, and in any event was not maintainable, under sec. 2832. The judgment was not entered because of any mistake, inadvertence, or neglect of the appellant. It was entered after a full trial on the merits and pursuant to an order of the court. She may have been surprised at the decision of the court on·the facts before it, but this is a surprise that falls to the lot of many litigants, and is not the kind of a surprise that the statute provides a remedy for. The remedy, if there be one, is to appeal, and often the surprise is only augmented by the final decision. We know of no·rule of law that would authorize a court to ·set aside a final judgment more than three years after it was entered simply because there was a long delay in entering it. Either party might have caused judgment to be entered promptly and have taken an appeal from such judgment. While respondent secured some relief, he obtained only a small part of what he asked, and the decision was at least a partial victory for the appellant. Aside from the question of laches, the appellant sought to have the judgment set aside for errors of fact and law alleged to have·oc-

curred during the trial and disposition of the case. This could not be done.

After the lapse of the term at which judgment is entered and the expiration of one year thereafter, the circuit court may correct a mistake in the entry of the judgment so as to make it conform to the judgment actually pronounced by the court. It cannot modify or amend the judgment to make it conform to what the court ought to have adjudged or even intended to adjudge. *Williams v. Hayes,* 68 Wis. 248, 32 N. W. 44; *Hoffman v. State,* 88 Wis. 166, 174, 59 N. W. 588; *Packard v. Kinzie Ave. H. Co.* 105 Wis. 323, 325, 81 N. W. 488; *Ætna L. Ins. Co. v. McCormick,* 20 Wis. 265, 268; *Will of Cole,* 52 Wis. 591, 9 N. W. 664; *State ex rel. Taylor v. Town Board,* 69 Wis. 264, 34 N. W. 123; probably *Wyman v. Buckstaff,* 24 Wis. 477, 479, although the statement of facts does not show the length of time that actually elapsed. The same is true of *Durning v. Burkhardt,* 34 Wis. 585, 588.

The rule does not permit the setting aside of the judgment first entered and the entry of a new one, but only the correction of it. No power exists to set aside the whole judgment for the purpose of correcting a clerical error. The power to amend does not include the power to wipe out. It follows that Judge WILLIAMS had no power to set aside the 1911 judgment or to enter a new one in lieu thereof, and that the order setting aside the former judgment is a nullity and the judgment entered in 1914 was absolutely void. Speaking of the effect to be given to a void judgment Mr. Freeman says:

"A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void. The parties attempting to enforce it may be responsible as trespassers. The purchaser at a sale by virtue of its authority finds himself without title and without redress. The first and most material inquiry in relation to a judgment

or decree, then, is in reference to its validity.   For if it be null, no action upon the part of the plaintiff, no inaction upon the part of the defendant, no resulting equity in the hands of third persons, no power residing in any legislative or other department of the government, can invest it with any of the elements of power or of vitality.   It does not terminate or discontinue the action in which it is entered, nor merge the cause of action; and it therefore cannot prevent the plaintiff from proceeding to obtain a valid judgment upon the same cause, either in the action in which the void judgment was entered or in some other action." 1 Freeman, Judgments, § 117.

And again: "A judgment pronounced by a tribunal having no authority to determine the matter in issue is necessarily and incurably void, and may be shown to be so in any collateral or other proceeding in which it is drawn in question." 1 Freeman, Judgments, § 120.

The rule has been stated just as strongly by this court:

"If the court exceeded its jurisdiction of the subject matter, then the judgment is no protection whatever.   It may be ignored altogether. *Peck v. School Dist.* 21 Wis. 516; *Blodgett v. Hitt,* 29 Wis. 169; *Damp v. Dane,* 29 Wis. 419; *Mathie v. McIntosh,* 40 Wis. 120; *O'Malley v. Fricke,* 104 Wis. 280, 80 N. W. 436; *Harrigan v. Gilchrist,* 121 Wis. 127, 228, 99 N. W. 909; *Hughes v. Cuming,* 165 N. Y. 91, 58 N. E. 794; *Cooper v. Reynolds,* 77 U. S. 308.   The rule is elementary, that if the matter dealt with by the judgment in this case was entirely outside of the court's jurisdiction, then, as said in the last case cited, the result was not merely erroneous and so, binding on all parties which the court had jurisdiction of, and their privies, till set aside in some of the ways appointed by law, not including collateral attack, but was a usurpation and, as said in *Damp v. Dane, supra,* the proceedings void in the broadest sense of the term."   *Will of Rice,* 150 Wis. 401, 440, 441, 136 N. W. 956, 137 N. W. 778.

The judgment and order appealed from being mere nullities, there is nothing to affirm or reverse.

Judge WILLIAMS might have made an order correcting the

clerical error in the 1911 judgment, and appellant no doubt could have such an order reviewed if aggrieved by it. But the appellant would not be aggrieved by such an order, because it would operate in her favor. There was no necessity for such an order, because respondent had filed a disclaimer in court of any interest prior to December 19, 1898, and under the recitals in the judgment it could only be enforced as to interest accruing after this date. *Ciscel v. Wheatley,* 27 Wis. 618. The amount of respondent's recovery was adjudged to be $1,155.73, with interest from December 19, 1898. The judgment then adjudges that respondent have a lien on the proceeds of the sale of the land "to the extent of said sum of $1,155.73 and interest on said amount from the 19th day of December, *1896.*" It is quite obvious that, under these two apparently conflicting clauses, the lien of the judgment could not be enforced for a greater sum than was adjudged to be due.

*By the Court.*—Appeal dismissed.

A motion for a rehearing was denied, with $25 costs, on January 11, 1916.