# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Otis B. BARTLETT, Defendant-Appellant.†

## Court of Appeals

*No. 88-1038-CR. Submitted on briefs February 7, 1989.—*
*Decided March 7, 1989.*

(Also reported in 439 N.W.2d 595.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Richard D. Martin,* assistant state public defender, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *Marguerite M. Moeller,* assistant attorney general, of Madison.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J. Otis B. Bartlett (Bartlett) appeals from a judgment convicting him of six counts of fleeing an officer, contrary to sec. 346.04(3), Stats.[1] The written judgment does not reflect the oral pronouncement or the actual sentence of the trial court. The judgment adjudicated Bartlett guilty of three violations of sec. 346.17(3)(b), Stats., and three violations of subs. (3)(d).[2] However, after the bench trial, the circuit court

[1]Section 346.04(3), Stats., provides:

No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, shall knowingly flee or attempt to elude any traffic officer by wilful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, nor shall he increase the speed of his vehicle or extinguish the lights of his vehicle in an attempt to elude or flee.

[2]Section 346.17(3)(b), Stats., provides:

If the violation results in bodily harm, as defined in s. 939.22(4), to another, or causes damage to the property of another, as defined in s. 939.22(28), the person shall be fined not less than $500 nor more than $2,000 and may be imprisoned for not more than one year in the county jail.

Subsection (3)(d) provides:

If the violation results in the death of another, the person shall be fined not less than $600 nor more than $10,000 and may be imprisoned for not more than 5 years.

Although one person was killed in the incident, the judgment contains three convictions under subs. (3)(d). Apparently one conviction was based on the great bodily harm to Officer Gary Gelhaar (Gelhaar). Regardless, the judgment does not contain a subs. (3)(c) conviction. Subs. (3)(c) provides:

If the violation results in great bodily harm, as defined in s. 939.22(14), to another, the person shall be fined not less than $600 nor more than $10,000 and may be imprisoned for not more than 2 years.

559

sentenced Bartlett to one five-year term under subs. (d), one two-year term consecutive to the five-year term under subs. (c), and four one-year terms concurrent with the two-year term under subs. (b).

Bartlett raises two issues on his appeal: (1) whether the circuit court erred in denying his motion to dismiss the complaint because subs. (b), (c) and (d) are unconstitutionally vague; and (2) whether the evidence was insufficient to prove causality. We conclude that sec. 346.17(3)(b)–(d), Stats., is constitutional and that the evidence is sufficient to support the trial court's finding that Bartlett's conduct was a cause of the collision. Accordingly, we affirm.

On the morning of the trial, the parties agreed to stipulate to the facts contained in the complaint, the preliminary examination and a letter of the district attorney to defense counsel dated September 2, 1987.

The parties concede that on May 11, 1987, at approximately 2:10 a.m., Bartlett was operating his automobile in the vicinity of North 60th Street and West Mill Road. David Sayra (Sayra), a Milwaukee police officer, was driving a marked squad car in that vicinity. After Bartlett saw Sayra's squad car behind him, he sped away. Sayra activated his siren and flashing red lights and pursued Bartlett. When Bartlett turned his lights off near North 94th Street and West Carmen Street, Sayra lost him.

---

Hereinafter, these statutes are referred to as subs. (b), subs. (c), and subs. (d).

Neither party raised or briefed the correctness of the judgment. The oral pronouncement of the trial court accorded with the six charges contained in the information and the sentence was based on it. The clerical error in the judgment does not affect our jurisdiction to review the judgment. *See Fischbeck v. Mielenz,* 162 Wis. 12, 17, 154 N.W. 701, 703 (1916).

However, Officers Robert Beyer and Susan Black, in a single squad, spotted Bartlett a few blocks away, pursued him and were joined by two other squads, including one operated by Officer Gary Gelhaar (Gelhaar). Although the three squads activated their lights and sirens, Bartlett continued at a high rate of speed without slowing down at intersections. Two of the squad cars, which had slowed down at intersections, lost Bartlett. Gelhaar, however, continued the pursuit. Bartlett, speeding north on North 32nd Street went through a stop sign at West Center Street. Gelhaar followed Bartlett but collided with a squad car operated by Officer Thomas Meiller (Meiller), which was traveling east on Center Street. The Meiller squad spun around and struck a westbound vehicle containing three civilians who were injured. The speedometer in Meiller's car froze at seventy-four miles per hour. Gelhaar's squad went out of control and struck a building, the car burst into flames, injuring him seriously. Officer Roger Sterling, in the Meiller squad car, was killed.

Bartlett was unaware of the Meiller squad car or the citizens' westbound vehicle when he ran the signal at 32nd and Center Streets.

The parties stipulated further that the pursuit lasted twelve minutes through 10.9 miles of city streets. Bartlett failed to obey thirty-four stop signs, eleven traffic signs and two yield signs.

Admitting these facts, Bartlett explained that he panicked when Sayra activated his red lights and tried to stop him. Bartlett abandoned his Toyota at North 32nd Street and West Fond du Lac Avenue. He was arrested the next day at the home of a girlfriend. Bartlett therefore concedes guilt for violating sec. 346.04(3), Stats., but questions the constitutionality of

the penalty provisions of sec. 346.17(3)(b), (c), and (d), Stats.

## CONSTITUTIONALITY OF SEC. 346.17(3), STATS.

Bartlett argues that subs. (b), (c) and (d) are unconstitutionally vague, and therefore violate the fourteenth amendment to the United States Constitution because the term "results in" does not define any causal connection, and relieves the state from any duty to prove that his act caused the injuries and death.

A statute challenged for vagueness is presumed constitutional and continues to enjoy that presumption until proven unconstitutional beyond a reasonable doubt. *State v. McCoy,* 143 Wis. 2d 274, 285, 421 N.W.2d 107, 110 (1988). To be unconstitutionally vague, a statute must be so uncertain that it is impossible to execute it or to ascertain legislative intent with reasonable certainty. *Id.* Due process requires that a criminal statute be sufficiently definite to give a person of ordinary intelligence, who seeks to avoid its penalties, fair notice of what conduct is required or prohibited and to allow law officers, judges and juries to objectively apply the law to a defendant's conduct without creating or applying their own individual standards to determine guilt. *Id.* However, the test does not require that the line between lawful and unlawful conduct be drawn with absolute clarity and precision. No more than a reasonable degree of certainty is required. *Id.* at 285–86, 421 N.W.2d at 111.

At the outset, we note that subs. (b) uses the terms "results in" and "cause." The former relates to bodily harm and the latter to property damage. Under subs. (c)

and (d) great bodily harm or death must "result" from the violation. We conclude that the terms "result in" and "cause," as used in the statute, mean the same thing and that the statute unambiguously requires proof that a defendant's conduct was a substantial factor contributing to property damage, great bodily harm, or death, or to any combination of these losses.

We are persuaded by the holding of the Indiana Supreme Court in *Bailey v. State,* 412 N.E.2d 56 (Ind. 1980). The *Bailey* court interpreted Ind. Code sec. 35–42–5–1 (1980), a robbery statute, which stated that the offense was a class A felony "if it *results in* either bodily injury or serious bodily injury to any other person." [Emphasis added.] The court said:

> When considered in the context of the entire statute, the term "resulted in" does not render the statute ambiguous. The term is a causative one of considerable generality, but in denoting natural consequences and human responses to express human conduct within the ambit of elements of the offense of robbery, that quality does not result in legal uncertainty. We are, therefore, under a duty to enforce the statute according to its plain meaning.

*Id.* at 59.

Reading sec. 346.17, Stats., as a whole, we conclude that the term "results in" is a causative term and that it seeks to prohibit attempts to elude a traffic officer or marked police vehicle.[3] The consequences of this con-

---

[3]*See* Wis J I—Criminal sec. 2630 provides the following cause instruction:

[If you find the defendant guilty, you must answer the following question:

duct are often disastrous to lawful users of the highway. A transgressor can easily bring the pursuit to a halt by pulling to a stop. The statute describes the offense with reasonable certainty. Therefore, we conclude that section 346.17(3)(b)–(d) is not void for vagueness. We enforce it according to its plain and unambiguous meaning.

Bartlett next argues that the evidence was insufficient to prove that his offense of fleeing an officer, contrary to sec. 346.04(3), Stats., resulted in or caused the injuries. *See* sec. 346.17(3)(b)–(d), Stats. *See also* Wis J I—Criminal 2630 (the trier of fact must find beyond a reasonable doubt that the offense *caused* injury, great bodily harm, or death). Once the trier of fact has determined guilt under sec. 346.04(3), the only remaining question is whether a defendant's conduct resulted in or caused the ensuing injury. Sec. 346.17(3)(b)–(d). In testing the sufficiency of the evidence in a criminal trial to the court, the trial court's findings are not to be disturbed on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Jameson v. State,* 74 Wis. 2d 176, 181, 246 N.W.2d 541, 544 (1976). On appeal, the issue is whether this court could conclude that "the trier of facts could, acting reasonably, be so convinced by

"Did the defendant's operating a vehicle (to flee) (in an attempt to elude) an officer result in (bodily harm to) (damage to the property of) (great bodily harm to) (death to) another?"

Before you may answer this question "yes," *the State must prove by evidence which satisfies you beyond a reasonable doubt that the defendant's operation of a vehicle (to flee) (in an attempt to elude) an officer caused (bodily harm to) (damage to the property of) (great bodily harm to) (death to) another person.*

If you are not so satisfied, you must answer the question "no."] [Emphasis added and footnotes omitted.]

evidence it had a right to believe and accept as true." *Id.* (citation omitted). If there is more than one inference that can be drawn from the evidence the inference which supports the trial court's finding is the one that we must adopt. *Id.*

Bartlett reasons that if the pursuing officers had used the good judgment of the officers who broke off the chase, the collision would not have occurred, that Meiller's entering an intersection at a speed in excess of seventy miles per hour proves a lack of reasonable care, and that there was no evidence of police department pursuit guidelines, *see* sec. 346.03(6), Stats., or that if there were any, the officers complied with them. Bartlett excuses his own conduct because he panicked in fear of a police beating.

The issue is whether Bartlett's conduct was a substantial factor in causing the collision. *See State v. Serebin,* 119 Wis. 2d 837, 849, 350 N.W.2d 65, 71 (1984). Recently in *People v. Pike,* 243 Cal. Rptr. 54, 64–65 (Cal. Ct. App. 1988), a California court discussed a similar fact scenario. The court concluded that the criminal gross negligence verdict was supported by sufficient evidence of cause even though the defendant's motorcycle, which led the pursuit, was not involved in the collision. The *Pike* court held that:

> "[it] was reasonably foreseeable that the officers would continue to chase him as he speeded recklessly and circuitously over public thoroughfares and failed to stop at boulevard stops, thus setting in motion circumstances creating peril to others on the public streets and a high probability that collisions, injuries and deaths would occur in the course of the chase."

*Id.* at 65 (citation omitted).

Bartlett drove 10.9 miles through city streets at approximately sixty miles per hour, had he stopped as he should have, the accident would not have occurred; the accident was the natural and probable consequence of Bartlett's conduct. *See Serebin,* 119 Wis. 2d at 849, 350 N.W.2d at 71 (citing 1 *Wharton's Criminal Law* sec. 26, at 122-26 [14th ed. 1978] "[w]here the statute involves a specified result that is caused by conduct, it must be shown, as a minimal requirement, that the accused's conduct was an antecedent 'but for' which the result in question would not have occurred." However, this is not always enough. The state must further establish that "the harmful result in question be the natural and probable consequence of the accused's conduct," i.e., a substantial factor.). We agree with the statement of the trial judge: "The criminal responsibility is placed upon the one who precipitates the need for a chase by not heeding a signal to stop. That responsibility is not ameliorated or excused because of concurrent or intervening negligence of the pursuers."

██The trial court's finding that Bartlett's conduct was a substantial factor in causing the collision is supported by ample evidence. We need not repeat the facts of this tragic event. We conclude that the trial court's finding was not against the great weight and clear preponderance of the evidence.

In summary, we hold that: (1) sec. 346.17(3)(b), (c) and (d), Stats., is not unconstitutional because of vagueness; (2) subs. (b), (c) and (d) require proof of cause between the defendant's conduct and the consequent damage, injury or death; and (3) the evidence is sufficient to support the trial court's finding of cause.

*By the Court.*—Judgment affirmed.