PER CURIAM.
¶1 Robert Smith appeals a judgment of conviction for first-degree reckless homicide by delivery of a controlled substance. See WIS. STAT. § 940.02(2)(a) (2015-16).[1] Smith argues that the circuit court erred by not properly instructing the jury regarding causation. We reject Smith's arguments and affirm.
BACKGROUND
¶2 Smith was charged with first-degree reckless homicide by delivery of a controlled substance based on the death of Michael Murrenus.[2] According to the criminal complaint, Murrenus was a heroin addict. Smith had been observed selling drugs to Murrenus in the past, and Smith visited Murrenus shortly before he died in order to conduct what appeared to be a drug transaction. Later that evening, Murrenus was found unconscious and unresponsive. Murrenus could not be revived and died in the hospital. According to the Jefferson County coroner's report, the cause of death was acute heroin and alcohol intoxication.
¶3 At trial, Smith presented evidence that Murrenus appeared to be under the influence of psilocybin (psychedelic mushrooms) earlier on the day that Murrenus died. However, the medical examiner only tested Murrenus for opiates and did not run any tests to determine the amount, if any, of psilocybin in Murrenus's blood at the time that he died. The medical examiner testified that heroin caused Murrenus's death, but was unable to comment on whether psilocybin could have played any role. A toxicology expert testifying on behalf of the defense testified that psilocybin, in conjunction with alcohol, could have killed Murrenus even if Murrenus had not taken any heroin.
¶4 Smith objected to the Wisconsin pattern jury instruction, which required the jury to find that the heroin delivered by Smith was a "substantial factor" in Murrenus's death. Instead, Smith argued that the circuit court should instruct the jury that they needed to find that the heroin was the "actual cause" of Murrenus's death. The circuit court denied this request and issued the pattern instruction. The jury convicted Smith. Smith appeals.
DISCUSSION
¶5 Smith's only argument on appeal is that the jury was not properly instructed regarding causation. The circuit court used the Wisconsin pattern jury instruction, which provides that the State must prove that the victim "used the substance alleged to have been delivered by the defendant and died as a result of that use. This requires that use of the controlled substance was a substantial factor in causing the death." WIS JI- CRIMINAL 1021. Smith argues that this substantial factor instruction was insufficient under the facts of this case, and that the circuit court should have instead instructed the jury to determine that the heroin had to be the but-for cause of Murrenus's death.[3] Smith argues that a different instruction on causation might have led the jury to conclude that there was reasonable doubt as to whether Murrenus died as a result of heroin, given the possibility that a combination of psilocybin and alcohol might have been independently sufficient to kill Murrenus.
¶6 At trial, Smith was unable to identify a Wisconsin decision that supported his proposed modification of the pattern jury instruction. Instead, Smith relied on a decision from the United States Supreme Court, Burrage v. United States , 571 U.S. 204, 206 (2014), which also involved a heroin addict who died after purchasing heroin from the defendant. The United States Supreme Court concluded that the language in the relevant federal statute required the government to prove that the controlled substance was the "but-for cause" of the victim's death or injury. Id. at 211.
¶7 The circuit court rejected Smith's argument, concluding that Burrage was a statutory interpretation decision regarding a federal penalty provision that was not binding on Wisconsin courts. Instead, the circuit court relied on a decision by this court in which we approved the use of the "substantial factor" jury instruction, over the defendant's objections, at the defendant's trial for reckless homicide. See State v. Below , 2011 WI App 64, ¶26, 333 Wis. 2d 690, 799 N.W.2d 95. In Below , we rejected the defendant's arguments that the use of the substantial factor instruction was grounds for reversal, explaining that "the showing required under Wisconsin law" is whether the defendant's actions were a substantial factor in causing the victim's death. Id. Because the circuit court in the present case determined that it was bound by Below and not Burrage , it concluded that the substantial factor instruction was sufficient.
¶8 "Our review of the [circuit] court's jury instructions is deferential; we inquire only whether the [circuit] court misused its broad discretion in instructing the jury." State v. Wille , 2007 WI App 27, ¶23, 299 Wis. 2d 531, 728 N.W.2d 343.
¶9 On appeal, Smith's opening brief focuses entirely on the argument that the United States Supreme Court's decision in Burrage requires us to revisit the substantial factor language in the pattern jury instruction. We reject this argument because Burrage was interpreting a federal statute and, therefore, is not binding on a state court's interpretation of a state statute. See Burrage , 571 U.S. at 215 (declining to follow the line of state authorities that consider an act to be "a cause-in-fact if it was a 'substantial' or 'contributing' factor in producing a given result").
¶10 In addition, Burrage is further distinguishable because there was no evidence in that case that heroin alone would have killed the victim. See id. at 215 (explaining that "[n]o expert was prepared to say that [the victim] would have died from the heroin use alone"). Accordingly, the Supreme Court held that but-for cause was required "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury." Id. at 218-19. In contrast, the medical examiner in Smith's case testified unequivocally that heroin caused Murrenus's death. Thus, on its face, Burrage does not apply to the facts of this case.
¶11 Moreover, we see no error in the circuit court's determination that it was bound by long-standing Wisconsin precedent that endorses the substantial factor test for causation. Specifically, the circuit court relied on our decision in Below , in which we concluded that the circuit court properly instructed the jury that it only needed to find that the defendant's acts were a substantial factor in producing death. See Below , 333 Wis. 2d 690, ¶24. In rejecting the defendant's argument that the pattern jury instruction was insufficient, we explained:
In Wisconsin criminal law, the term "causes" has a consistent, well-established meaning. An actor causes death if his or her conduct is a "substantial factor" in bringing about that result. What is more, "[a] 'substantial factor' need not be the sole cause of death " for one to be held legally culpable.
Id. , ¶27 (citations omitted).
¶12 Smith did not address the circuit court's reliance on Below in his opening brief. Instead, in his reply brief, Smith argues for the first time that we should reverse the circuit court's decision based on an earlier court of appeals decision, State v. Bartlett , 149 Wis. 2d 557, 439 N.W.2d 595 (Ct. App. 1989). At the outset, we note that we could reject this argument as forfeited, both because it was not raised in the circuit court and because it was not raised in Smith's opening brief. See State v. Rogers , 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995) (appellate courts "will not ... blindside [circuit] courts with reversals based on theories which did not originate in their forum"); see also Bilda v. County of Milwaukee , 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661 ("It is a well-established rule that we do not consider arguments raised for the first time in a reply brief.").
¶13 However, we can also reject on the merits Smith's argument that the circuit court erred in relying on our decision in Below because Bartlett is not a decision about the pattern jury instruction. Instead, Bartlett involved a sufficiency of the evidence challenge to the defendant's conviction for fleeing an officer, under penalty provisions that apply when the defendant's conduct results in death or serious bodily harm. Bartlett , 149 Wis. 2d at 562-64. In Bartlett , the defendant led police on a high-speed chase, during which two of the pursuing squad cars were involved in collisions. Id. at 560-61. The defendant argued that the evidence was insufficient to convict him because the officers could have avoided the crash by using better judgment. Id. at 565. We disagreed, explaining that the evidence was sufficient to support the jury's determination that the defendant's conduct was a substantial factor in causing the collision. Id. at 565. In so holding, we explained that the evidence showed that the accident was the natural and probable consequence of the defendant's conduct and that the accident would not have occurred if the defendant had stopped his vehicle. Id. at 566.
¶14 Smith relies on this last aspect of Bartlett to argue that the circuit court was required to specifically instruct the jury regarding but-for causation. However, there is nothing in Bartlett to support this argument. To the contrary, the decision explicitly endorses the substantial factor test for causation. Id. at 565 (stating that "[t]he issue is whether Bartlett's conduct was a substantial factor in causing the collision."). Because Bartlett does not cast any doubt on the substantial factor language in the pattern jury instruction, it does not help Smith show that the circuit court erred in relying on our express approval of the pattern jury instruction in Below . Accordingly, we agree with the circuit court that we are bound by our prior approval of the pattern jury instruction. See Cook v. Cook , 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997) (stating that "only the supreme court ... has the power to overrule, modify or withdraw language from a published opinion of the court of appeals.").
CONCLUSION
¶15 For the foregoing reasons, we affirm the judgment of conviction.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Smith was also charged with, and convicted of, manufacture and delivery of heroin. Smith does not appeal that aspect of his conviction.

At trial, Smith argued that the jury should be instructed on actual causation, as opposed to the but-for causation standard that he advocates on appeal. In addressing Smith's arguments, we assume without deciding that these two standards are equivalent.